NO. 07-02-0086-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 11, 2003

_____

SUNNYSIDE FEEDYARD, L.C., APPELLANT

V.

METROPOLITAN LIFE INSURANCE COMPANY, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B7681-0102; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS, J. and BOYD, S.J.[1]

OPINION

Sunnyside Feedyard, L.C., appeals from a summary judgment declaring that the lien

of Metropolitan Life Insurance Company is superior to any lien retained by Sunnyside in

property Sunnyside sold.  We affirm.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.

BACKGROUND

In September, 2000, appellant Sunnyside Feedyard, L.C. sold a feedyard operation to Wacross, Inc. The sale included both realty (the property) and personalty. Wacross borrowed money from Metropolitan Life Insurance Company in order to make its purchase from Sunnyside. The Metropolitan loan was only part of the amount Wacross agreed to pay Sunnyside as the purchase price.

The transaction was closed at the offices of Castro County Abstract and Title Company (Castro) with Jack L. Edwards acting as closing agent. Sunnyside and Wacross chose Edwards to act as closing agent. As part of the closing process, Sunnyside executed a warranty deed to the property. The deed acknowledged payment by Metropolitan to Sunnyside of $1,740,500 as part of the purchase price. The deed also recited that (1) the payment to Sunnyside by Metropolitan was at the request of Wacross, (2) Wacross had concurrently executed a Vendor's Lien Note (note) in the amount of $1,740,500 to Metropolitan, (3) the note was secured by the Vendor's Lien and superior title which was retained, as well as a Deed of Trust and (4) Sunnyside acknowledged receiving, in addition to the $1,740,500 from Metropolitan, other good and valuable consideration "for which no lien, expressed or implied, is herein retained."

Sunnyside filed suit against Metropolitan, among others, after the closing. As relevant to this appeal, Sunnyside alleged that Wacross failed to pay part of the purchase price into escrow with Edwards; Edwards nevertheless disbursed escrow funds and filed

2

the deed and security documents transferring title to Wacross and giving Metropolitan a record lien on the property; and Sunnyside had an implied equitable lien on the property for the unpaid part of the purchase price which was superior to the lien securing Metropolitan's note. Sunnyside sought declaratory judgment that it had an equitable purchase money lien which was superior to Metropolitan's lien. Metropolitan counterclaimed seeking declaration that even if Sunnyside had an equitable lien, Metropolitan's lien was the superior lien.

Metropolitan moved for a no evidence summary judgment based on its deed of trust lien and vendor's lien. The trial court granted the motion and entered judgment that Sunnyside take nothing. The judgment also granted declaratory judgment that Metropolitan had a valid deed of trust lien in the subject real estate which was first in time and superior to any vendor's lien, equitable lien, or lien of any kind claimed by Sunnyside.[2] Sunnyside's claim against Metropolitan was severed from its claims against the other defendants, and this appeal ensued.

By one issue[3] Sunnyside challenges the granting of summary judgment. It bases its challenge on Metropolitan's having sent written instructions to Edwards in regard to the closing. Sunnyside asserts that the written instructions made Edwards Metropolitan's agent, Edwards had "multiple fiduciary obligations" at the closing, and Metropolitan is

---

[2]Metropolitan also sought attorney's fees, which the trial court awarded in its judgment. Sunnyside has not challenged the awarding of such fees or the amount awarded.

[3]See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).

3

responsible for Edwards' actions and omissions in failing to ensure receipt of all Sunnyside's purchase price prior to disbursing funds and filing the deed of trust securing Metropolitan's note. Sunnyside cites Farm Credit Bank v. Ogden, 886 S.W.2d 305 (Tex.App.--Houston [1st Dist] 1994, no writ) for the proposition that "imputable negligent conduct and/or inequitable conduct should subordinate a Deed of Trust lien to an equitable purchase money lien." Sunnyside mentions in its appellate brief that (1) Metropolitan does not come before the court with clean hands, (2) Metropolitan should be bound under respondent [sic] superior and/or agency law for Edwards' actions, (3) Edwards violated multiple fiduciary obligations at the closing, (4) Metropolitan, through Edwards, breached its duty of good faith and fair dealing, (5) Metropolitan was negligent in relying on simply giving written instructions to Edwards and such negligence was a proximate cause of Sunnyside's money damages, and (6) a fiduciary relationship arose between Metropolitan and Sunnyside because Metropolitan paid part of the purchase price, making Metropolitan liable for Edwards' failure to make certain that all monies were correctly paid. Sunnyside concludes that fact issues exist as to negligence, clean hands, breach of fiduciary duty, implied contract and equitable subordination. The only authority Sunnyside cites for any of the foregoing is its citation of Ogden in regard to equitable subordination.

STANDARD OF REVIEW

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. See Aguirre v. South Tex. Blood & Tissue Ctr.,

4

2 S.W.3d 454, 456 (Tex.App.--San Antonio 1999, pet. denied); Roth v. FFP Operating Partners, L.P., 994 S.W.2d 190, 195 (Tex.App.--Amarillo 1999, pet. denied).  We review the evidence in the light most favorable to the respondent against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences.  See Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Roth, 994 S.W.2d at 195.  A no-evidence summary judgment is properly granted if the non-movant presents no more than a scintilla of probative evidence to raise a genuine issue of material fact as to the element on which the motion is based.  Id.  More than a scintilla of evidence exists when such evidence rises to a level that would enable reasonable and fair-minded persons to differ in their conclusions.  Id.

## DISCUSSION

We agree with Sunnyside as to the purpose of equitable subordination as expressed by Ogden; that is, to the extent that the holder of a superior lien has acted so inequitably toward another lienholder as to warrant subordinating the superior lien to the inferior lien of the other lienholder, then equitable subordination is available to place the liens in equitably proper priorities.  Sunnyside, however, does not relate Ogden to its own situation, factually.[4]

---

[4]Ogden involved liens on two separate tracts of land.  In Ogden, the bank failed in its quest to have the Ogden's lien on one tract of land subordinated by the trial court, just as Sunnyside failed to convince the trial court that it created a material fact issue in its quest to have Metropolitan's lien equitably subordinated.  The Ogden trial court found that the Ogdens had not acted inequitably toward the bank and refused to subordinate the Ogden's lien.  Ogden, 886 S.W.2d at 310.

Sunnyside fails to cite authority for any of the specific legal doctrines on which it relies to classify Metropolitan's conduct as inequitable. For example, Sunnyside does not cite authority for its assertion that Metropolitan's written instructions to Edwards created a duty running from Metropolitan to Sunnyside on which a tort cause of action in negligence could be based. Nor does Sunnyside cite authority for its claim that Metropolitan's reliance on written instructions to Edwards fell below some prescribed standard of care. The same deficiencies exist as to Sunnyside's assertions in regard to clean hands, respondeat superior, agency, fiduciary duty and good faith and fair dealing.

Failure to brief, or to adequately brief, an issue by an appellant effects a waiver of that issue on appeal. See Tex. R. App. P 38.1(h)[5]; General Serv. Comm'n. v. Little-Tex Insul. Co., 39 S.W.3d 591, 598 n.1 (Tex. 2001); Fredonia State Bank v. General American Life Ins. Co., 881 S.W.2d 279, 284-85 (Tex. 1994). TRAP 38.1(h) requires both citation to authority and substantive analysis in regard to an issue. Failure to either cite authority or advance substantive analysis waives the issue on appeal. See Moser v. Davis, 79 S.W.3d 162, 169, 170 (Tex.App.--Amarillo 2002, no pet.); In re Williams, 998 S.W.2d 724, 730 (Tex.App.--Amarillo 1999, no pet.). We consider Sunnyside's references to well-developed doctrines such as negligence, clean hands, breach of fiduciary duty and implied contract, without citation of basic authority as to elements of the doctrines or precedent to be inadequate compliance with TRAP 38.1(h). We reach the same conclusion as to

---

[5]Further references to provisions of the Texas Rules of Appellate Procedure shall be by reference to "TRAP _____."

6

Sunnyside's analyses of how material[6] fact issues allegedly exist as to such doctrines. Because of the absence of legal citations, its analyses are limited to arguments based on generalized statements and analysis without substantive relationship to specific legal theories and elements of those theories. We will not consider the doctrines nor the discussions of them in determining the appeal. See TRAP 38.1(h).

In addition, we conclude that Sunnyside fails to reference more than a scintilla of evidence that Metropolitan's actions toward Sunnyside were inequitable. There is no evidence that Metropolitan had any part in choosing Edwards to close the transaction. Sunnyside neither maintains nor points to evidence that Edwards' actions in filing the warranty deed and deed of trust were outside of his obligations as closing agent, even assuming, *arguendo*, that such actions (1) were part of his duties as an agent of Metropolitan, and (2) did not accord with the wishes or instructions of either Sunnyside or Metropolitan. Assuming further, without deciding, that Edwards' actions in filing the documents in question and his knowledge of matters were imputable to Metropolitan, Sunnyside does not reference evidence that the same knowledge and breaches were not imputed to Sunnyside via Edwards' unquestioned status as closing agent chosen by Sunnyside. Thus, regardless of whether Edwards was an agent of Metropolitan as contended by Sunnyside, such a situation would not evidence Metropolitan's actions being inequitable vis-a-vis Sunnyside.

---

[6]The fact issue must be material. See TEX. R. CIV. P. 166a(c).

7

Sunnyside does not point to evidence that Metropolitan failed to pay $1,740,500 directly to or for the benefit of Sunnyside as part of the purchase price from Wacross or that Sunnyside was unaware of the source of the funds. Sunnyside does not disclaim the acknowledgment in its warranty deed that it received such funds from Metropolitan. Sunnyside's warranty deed affirmatively stated that it had received both the funds paid by Metropolitan and other consideration and that it retained no liens, express or implied, because of such other consideration. Metropolitan's lien did not reach further than the property which was purchased, at least in part, with its loan proceeds, and the lien reached no further than protecting its security for the funds advanced. Sunnyside does not claim any contact with, representations received from or reliance on Metropolitan prior to or during the closing, aside from Sunnyside's claim that Edwards' actions are imputable to Metropolitan. Sunnyside does not claim or reference evidence that prior to closing, it knew of or relied on Metropolitan's written instructions to Edwards.

The evidence Sunnyside references does not rise to a level that would enable reasonable and fair-minded persons to differ with the conclusion that Metropolitan's actions were not so inequitable in relation to Sunnyside as to permit equitable subordination of Metropolitan's lien. See Roth, 994 S.W.2d at 195. Accordingly, the no-evidence summary judgment was properly granted.

CONCLUSION

8

For the foregoing reasons, and assuming, without deciding, that Sunnyside holds a lien on the property, we overrule Sunnyside's issue.  We affirm the trial court's judgment.


Phil Johnson
Chief Justice