NO. 07-03-0211-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 18, 2004

_____

GARY REED WALP,

Appellant

v.

STATE OF TEXAS and GARY L. JOHNSON, EXECUTIVE DIRECTOR
DEPARTMENT OF CRIMINAL JUSTICE,

Appellees

_____

FROM THE 75TH DISTRICT COURT OF LIBERTY COUNTY;

NO. 61,458; HON. C. T. HIGHT, PRESIDING

_____

*Memorandum Opinion*

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant Gary Reed Walp appeals the dismissal of his lawsuit against the State of Texas and Gary L. Johnson, Executive Director of the Texas Department of Criminal Justice. On appeal, he presents eight issues in which he contends: 1) dismissal of his various causes of action asserted in his live pleading was improper given the "mootness-exception test"; 2) he has a right to constitutionally challenge the conditions of his mandatory supervision; 3) he has a right to due process in challenging the State's

determination that compulsory sex offender treatment should be a condition of his mandatory supervision; 4) his right to free speech permits him to assert his innocence *viz* his 1980 conviction for aggravated sexual assault, to deny having used a deadly weapon in the commission of the offense, and to refuse to disclose his sexual history and thoughts as a condition of mandatory supervision; 5) his right against self-incrimination is violated by the requirement that he give statements regarding his sexual history as a condition of compulsory sex offender treatment while on mandatory supervision; 6) his right to privacy permits him to refuse to take polygraph and plethysmograph tests as a condition of compulsory sex offender treatment while on mandatory supervision; 7) he is entitled to a due process hearing to challenge the numeric risk level assigned him under article 62.035 of the Texas Code of Criminal Procedure as part of his release on mandatory supervision; and 8) the trial court abused its discretion for "other reasons" in dismissing his lawsuit. We affirm the dismissal of the trial court.

## *Background*

Walp was convicted of aggravated sexual assault in 1980. He originally filed his lawsuit as an indigent inmate against the State of Texas and Warden Lynn Smith of the Texas Department of Criminal Justice under Chapter 14 of the Texas Civil Practice and Remedies Code. He participated in a sex offender treatment program while in prison, which program he allegedly completed. However, he was allegedly subjected to discipline for filing grievances with respect to his participation in the program. He also claimed to be scheduled for release from prison on mandatory supervision on July 2, 2003, and made a variety of complaints regarding the State's intent to subject him to additional sex offender treatment while on mandatory supervision.

A hearing on the State's motion to dismiss was held on September 27, 2001. At that hearing, Walp stated: "I have no objection to the [sex offender treatment ] program itself, no. There is a little bit to learn there." However, he did object to being forced to admit his guilt during treatment. At that hearing, the State raised the issue of whether the proper party had been sued and agreed to "see about getting a waiver of service from Gary Johnson or the Department." The court also appointed counsel for Walp.

On January 6, 2003, Walp filed his third amended original petition in which he sued the State of Texas and Gary L. Johnson, Executive Director of the Texas Department of Criminal Justice. There is no evidence in the record that Johnson was ever served or waived service. In that petition, Walp sought 1) a declaration that the State violated his rights of free speech and due process of law (by requiring him to admit his guilt and denying him the opportunity to openly discuss his offense), 2) to enjoin the State from subjecting him to compulsory treatment on mandatory supervision without a hearing, 3) to enjoin the State from requiring him to admit his guilt, admit to using a deadly weapon, disclose his sexual history, thoughts, and feelings, subject him to polygraph or plethysmograph tests, and waive liability against the treatment providers as part of his release on mandatory supervision, 4) to enjoin the State from issuing a "blue warrant" to revoke his release on mandatory supervision for his refusal to do those things, 5) a declaration that articles 62.02 (sex offender registration) and 62.035 (sex offender risk level) of the Code of Criminal Procedure are unconstitutional, and 6) to enjoin the State from applying article 62.035 to him without a hearing. At Walp's request, the court entered an order on February 13, 2003, terminating his court-appointed counsel. On February 21, 2003, the court dismissed the lawsuit as frivolous.

*Discussion*

In determining whether a claim is frivolous, the court may consider whether 1) the claim's realistic chance of ultimate success is slight, 2) the claim has no arguable basis in law or in fact, and 3) it is clear that the party cannot prove facts in support of the claim. TEX. CIV. PRAC. & REM. CODE ANN. §14.003 (Vernon 2002). We review the court's ruling for an abuse of discretion. *Montana v. Patterson,* 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ). When the trial court dismisses a claim without conducting a fact hearing, we are limited to reviewing whether the claim had an arguable basis in law. *Sawyer v. Texas Department of Crim. Justice,* 983 S.W.2d 310, 311 (Tex. App.–Houston [1st Dist.] 1998, pet. denied).

*Denial of Due Process*[1]

Walp asserts that he is entitled to a hearing to determine whether he is a proper candidate for compulsory sex offender treatment as a condition of mandatory supervision. He posits that he is not such a candidate because he is no longer a threat to public safety.

According to the statute Walp cites, a parole panel "shall establish a child safety zone applicable to a releasee if the panel determines that a child . . . was the victim of the offense, by requiring as a condition of parole or mandatory supervision that the releasee . . . attend . . . psychological counseling sessions for sex offenders . . . ." TEX. GOV'T CODE ANN. §508.187(b)(2) (Vernon Supp. 2004). As can be seen, the requirement to undergo counseling is dependent upon the releasee having committed an offense against a child,

---

[1]Though he complained below about losing privileges as a result of his participation in a treatment program, his complaints on appeal do not encompass those matters. Instead, his allegations concern action to which he may be subject once released from prison on mandatory supervision. And, that is the framework within which we work.

4

not upon whether his psychological condition indicates that he is likely to offend again. The latter condition being irrelevant to the application of §508.187(b)(2), appellant is not entitled to a due process hearing to address that fact question. *Connecticut Dept.of Pub. Safety v. Doe*, 538 U.S. 1, 7, 123 S.Ct. 1160, 1164-65, 155 L.Ed.2d 98, 105 (2003) (holding that Doe was not entitled to a due process hearing to determine whether he posed a danger for purposes of registering as a sex offender because registration was dependent upon his having committed a sex offense, not his purported dangerousness).

Assuming *arguendo* that Walp complains about some program other than that encompassed by §508.187(b)(2), he does not cite us to the terms of any such program. Thus, we cannot say whether they can lawfully be imposed upon him or whether they fall within the scope of *Connecticut Dept. of Pub. Safety v. Doe*.

Walp also contends that he is entitled to a hearing to challenge any numeric risk level assigned him under art. 62.035 of the Texas Code of Criminal Procedure as part of his release on mandatory supervision.[2] The contention is founded on the premise that the statute "denies [him] of a hearing . . . ." Yet, upon reading the provision, one discovers that it does not address the situation one way or the other. Nor does it state that the assignment cannot be questioned. Thus, the trial court was entitled to conclude that the provision does not deny him a hearing in any way.

Furthermore, at the time his suit was dismissed, Walp had yet to be released on parole or mandatory supervision. Thus, whether he is assigned a numeric risk level to

---

[2]The numeric risk level purports to gauge the sex offender's propensity to engage in criminal sexual conduct. TEX. CODE CRIM. PROC. ANN. art. 62.035(c) (Vernon Supp. 2004).

5

which he objects is utter speculation, as is whether a means will or will not be available for him to contest the assignment assuming he disagrees with it.

*Self-Incrimination*

As to his claim about his self-incrimination "as a condition of compulsory sex offender treatment on mandatory supervision," it too lacks substance. First, he fails to cite to anything of record purporting to indicate that he must incriminate himself to secure mandatory supervision. Second, and assuming *arguendo* that such a condition does exist, its impact, if any, upon him would be dependent upon his release on mandatory supervision, the imposition of the requirement, and his refusal to comply with it. Since none of these circumstances had occurred by the time he filed suit and before the trial court dismissed it, their coming to fruition was simply speculation. In short, and again assuming that the State maintained a policy requiring him to incriminate himself, suit raising this claim was premature. *In re Shaw,* 117 S.W.3d 520, 525 (Tex. App.–Beaumont 2003, pet. denied) (holding that speculation as to injuries that could result from a refusal to comply with an order to submit to a polygraph test which are merely contingent and have not yet accrued are not ripe).

*Right to Refuse a Polygraph and Plethysmograph Test, and to Free Speech*

As to the allegations regarding the refusal to undergo a polygraph or plethysmograph test and the invocation of his right to free speech, each again relates to his release on mandatory supervision. So too are they dependent upon the State imposing upon him conditions of parole that somehow require him to undergo polygraph or like examination or forego any free speech right he may have. Walp cites us to nothing of record reasonably indicating that such conditions may be imposed. Nor does he cite us to

6

anything of record reasonably suggesting how the State will react to his refusal to undergo testing or to speak of things he cares not to discuss. Assuming *arguendo* that the State attempts that which he fears, if it does nothing in response to his ensuing conduct (whatever that conduct may be), it can hardly be said that he suffered any injury warranting judicial intervention. In short, pursuing these conjectural allegations via suit is also premature.

*Mootness*

As to the issues involving whether his causes of action one through seven were moot, we note that the trial court dismissed them "as frivolous." Next, while he purports to argue, on appeal, why causes of action four through seven are meritorious, he does not do so with regard to causes of action one through three. Thus, any complaint about the dismissal of claims one through three on the ground of frivolousness was waived due to the lack of briefing. *Sunnyside Feedyard, L.C. v. Metropolitan Life Ins. Co.,* 106 S.W.3d 169, 173 (Tex. App.–Amarillo 2003, no pet.). Finally, we addressed the meritoriousness, or lack thereof, of his allegations about causes of action four through seven in this opinion under the headings "Due Process," "Self-incrimination," and "Right to Refuse a Polygraph and Plethysmograph Test, and to Free Speech."

*"Other Reasons"*

Finally, Walp contends that the trial court erred in dismissing his suit for "other reasons." However, none of those reasons address the basis mentioned by the trial court, *i.e.* frivolousness. Nor do they purport to show that his allegations were not frivolous. For instance, he posits that the proper parties were eventually served or joined and that the trial court failed to consider his "third amended original petition." Yet, how those contentions

7

affect the dismissal goes unexplained.  Nor do we read them as addressing the basis upon which the trial court relied in dismissing the suit.

In sum, we overrule each issue of Walp.  The latter failed to show that the trial court abused its discretion in dismissing his suit as frivolous.  Accordingly, the order of dismissal is affirmed.


Brian Quinn
Justice