NO. 07-04-0050-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 25, 2005
_____

DION'S OF TEXAS, INC.,

Appellant

v.

SHAMROCK ECONOMIC DEVELOPMENT CORPORATION
and the CITY OF SHAMROCK , TEXAS,

Appellees

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 11,292; HON. STEVEN R. EMMERT, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Dion's of Texas, Inc. (Dion's) appeals from a final summary judgment denying it recovery against the Shamrock Economic Development Corporation (the Corporation) and the City of Shamrock (the City) but granting the Corporation recovery against it upon a promissory note. The four issues before us involve whether the trial court granted the City relief outside the scope of its summary judgment motion and whether the City and

Corporation established their right to summary judgment as a matter of law. We affirm the summary judgment.

Allegedly, the Corporation enticed Dion's to move its business from elsewhere in Texas to Shamrock. It also promised to effectuate the move and provide loans, according to Dion's. Because these promises were either breached or performed in a tortious manner, Dion's sued both the Corporation and the City. The Corporation counterclaimed to recover upon a promissory note executed by Dion's. Furthermore, both the City and Corporation filed answers to the petition and moved for summary judgment.

The trial court initially announced its ruling upon the summary judgment motions by letter. In that document, it mistakenly allowed the City to recover upon the note. But, a like mistake was not made in the final summary judgment that it executed. Instead, it denied Dion's recovery upon its claims and awarded the Corporation approximately $42,000 for Dion's failure to pay the note. And, though the Corporation and City asserted multiple grounds for relief in their respective motions, the trial court did not specify upon which ground or grounds it relied when granting the summary judgments.

*Issues One and Two*

Dion's first two issues involve the trial court's letter announcement of its proposed ruling. Because it stated, in the letter, that the City (as opposed to the Corporation) was to recover upon the promissory note and the City had not moved for relief upon the note, the trial court purportedly granted the City more relief than that to which it was entitled, so Dion's argues. We overrule the points.

While it may be that the trial court initially informed the litigants that the City would be granted damages arising from Dion's failure to pay the note, that was not the wording

2

incorporated into the final judgment. Via the latter, the trial court expressly awarded the damages to the Corporation, not the City. More importantly, the letter itself cannot be considered an order. That this is true is evinced by the trial court's statement therein telling the attorneys for the Corporation and the City "to draft an appropriate order setting forth the Court's ruling as to their respective motion" and "provide [the order] to the Court for signature." Given that language, it is clear that the trial court did not intend for the letter to constitute an order adjudicating the summary judgment motions; if the contrary were true, then there would have been no need for it to tell the attorneys to prepare an order. *See Perdue v. Patten,* 142 S.W.3d 596, 603 (Tex. App.–Austin 2004, no pet.) (holding that though a letter purporting to grant a motion for new trial was filed with the clerk, it was not an operative order since the court also informed counsel to prepare an order for its signature).

In short, the language contained in the letter and the trial court's eventual entry of judgment awarding the damages to the Corporation cause us to hold that the damages were not granted to the City. Consequently, it cannot be said that the City received more relief than that which it sought via its summary judgment motion.

And, to the extent that Dion's also posits (in its second issue) that the judgment was improper since the Corporation purportedly failed to establish "each element of its claim," we note the conclusory nature of the assertion. Nowhere does Dion's mention the particular element or elements that the Corporation supposedly failed to prove. Nor does it discuss how the Corporation's acting in a "proprietary function" and "receiving benefits" somehow barred it from enforcing the promissory note. Similarly absent is any explanation, accompanied by supporting legal authority and citation to the record, of how "force

3

majeure" or "illegal interference by" the Corporation relieved if from having to pay its debt.

While it may be that we must construe the rules of appellate procedure reasonably and liberally, *see Republic Underwriters Ins. Co. v. Mex-Tex, Inc.,* 150 S.W.3d 423, 427 (Tex. 2004), we are not obligated to contrive argument for any particular litigant. *Jordan v. Jefferson County*, No. 07-03-0444-CV, 2004 LEXIS 11212 (Tex. App.–Amarillo, December 14, 2004, no pet.). So, given that Dion's failed to comply with its duty to support its contentions with substantive analysis, citation to legal authority, and citation to the record, TEX. R. APP. P. 38.1(h) (imposing such a duty on an appellant), we conclude that this portion of issue two was waived. *See Sunnyside Feedyard L.C. v. Metropolitan Life Ins. Co.,* 106 S.W.3d 169, 173 (Tex. App.–Amarillo 2003, no pet.) (holding that the failure to properly brief an issue results in its waiver); *Moser v. Davis,* 79 S.W.3d 162, 169 (Tex. App.–Amarillo 2002, no pet.) (holding that the failure to properly brief an issue results in its waiver).

*Issue Three*

Dion's presents a twofold attack upon the trial court's final judgment via its third issue. The first concerns the sufficiency of the affidavits tendered by the City to support its summary judgment grounds. According to Dion's, the documents "were incompetent to establish any evidence in support of any grounds in the Motion." While the record discloses that it did object to the affidavits below, the record does not indicate that the trial court ruled on those objections. Having failed to secure a ruling from the court, Dion's did not preserve its objections for appellate review. *Hou-Tex, Inc. v. Landmark Graphics,* 26 S.W.3d 103, 112 (Tex. App.–Houston [14th Dist.] 2000, no pet.).

4

Nor does Dion's explain, in its appellate brief, why the affidavits were purportedly "incompetent." Nor are we directed to the particular matter within them that purportedly rendered them incompetent. And, assuming *arguendo*, that Dion's merely re-urged that argument contained in its response to the summary judgment motion, we note that the portion dealing with its objections to the affidavits was and is bereft of citation to authority and substantive legal analysis; so, it cannot serve to satisfy Dion's duty to provide us with sufficient argument and authority illustrating reversible error.

The second prong of Dion's attack involves the failure of the trial court to issue findings of fact and conclusions of law in support of its summary judgment. While it may be that the trial court did not execute any, Dion's was not entitled to them. *See IKB Indus., Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997) (holding that a party is not entitled to findings of fact and conclusions of law regarding the entry of a summary judgment).

In sum, neither attack levied by Dion's via its third issue illustrates reversible error. So, we overrule the issue.

*Issue Four*

Through its last issue, Dion's argues that neither the Corporation nor the City established their affirmative defenses to its claims, negated its defenses to their claims, or negated the fact questions created by the affidavits it presented. We overrule the issue.

These contentions, like its others, are little more than conclusions, bereft of legal analysis. Furthermore, Dion's fails to direct us to the purported evidence in the affidavits mentioned that purportedly creates material fact issues. Nor does it explain how that unknown evidence created issues of fact or what those issues were. Simply put, the issue was again waived due to inadequate briefing.

5

Accordingly, we affirm the final summary judgment of the trial court.


Per Curiam