NO. 07-05-0300-CR


 07-05-0301-CR

 07-05-0302-CR

 07-05-0303-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 5, 2006


 ______________________________



JOSE GEORGE GONZALES, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NOS. 49,233-C, 49,234-C, 49,235-C, 50,082-C;



HONORABLE PATRICK A. PIRTLE, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

ORDER


 Appellant, Jose George Gonzales, Jr. appeals his convictions and sentences of
August 5, 2005. The trial court clerk's record was filed on October 3, 2005 and a
supplemental trial court clerk's record was filed on October 11, 2005.

 The trial court ordered the preparation of the reporter's record on August 22, 2005. 
This Court has granted four extensions to the court reporter. On April 17, 2006 this Court
sent the court reporter a letter noting that the record had not been filed and requesting the
status of the record by April 27, 2006. On that date this Court received a fifth request for
extension of time to file the record. 

 Accordingly, we order Debby Murphy, official court reporter for the 251st District
Court of Potter County, to transcribe and file with the Clerk of this Court a reporter's record
as required by the Texas Rules of Appellate Procedure and the trial court's order dated
August 22, 2005 and encompassing cause numbers 49,233-C, 49, 234-C, 49,235-C and
50,082-C. The record shall include all argument, evidence and exhibits presented to the
court during trial, as well as any pretrial and post-trial hearings conducted in said cause. 
We further order Debby Murphy to file the reporter's record in a manner by which it will be
actually received by the Clerk of this Court on or before 5:00 p.m. on May 15, 2006. 
Absent extraordinary circumstances, no motion for extension of time will be considered.

 Failure to file the reporter's record as directed by this Court's order may result in one
or more of the following: 


 A hearing requiring Debby Murphy to show cause why she should not be
held in contempt; 


 (2) a complaint to the Court Reporter's Certification Board;

 (3) appropriate sanctions; or

 (4) abatement to the trial court for appropriate action. 



 It is so ordered. 


 Per Curiam



or relief upon the note,
the trial court purportedly granted the City more relief than that to which it was entitled, so
Dion's argues. We overrule the points.

 While it may be that the trial court initially informed the litigants that the City would
be granted damages arising from Dion's failure to pay the note, that was not the wording
incorporated into the final judgment. Via the latter, the trial court expressly awarded the
damages to the Corporation, not the City. More importantly, the letter itself cannot be
considered an order. That this is true is evinced by the trial court's statement therein telling
the attorneys for the Corporation and the City "to draft an appropriate order setting forth the
Court's ruling as to their respective motion" and "provide [the order] to the Court for
signature." Given that language, it is clear that the trial court did not intend for the letter to
constitute an order adjudicating the summary judgment motions; if the contrary were true,
then there would have been no need for it to tell the attorneys to prepare an order. See
Perdue v. Patten, 142 S.W.3d 596, 603 (Tex. App.-Austin 2004, no pet.) (holding that
though a letter purporting to grant a motion for new trial was filed with the clerk, it was not
an operative order since the court also informed counsel to prepare an order for its
signature). 

 In short, the language contained in the letter and the trial court's eventual entry of
judgment awarding the damages to the Corporation cause us to hold that the damages
were not granted to the City. Consequently, it cannot be said that the City received more
relief than that which it sought via its summary judgment motion.

 And, to the extent that Dion's also posits (in its second issue) that the judgment was
improper since the Corporation purportedly failed to establish "each element of its claim,"
we note the conclusory nature of the assertion. Nowhere does Dion's mention the
particular element or elements that the Corporation supposedly failed to prove. Nor does
it discuss how the Corporation's acting in a "proprietary function" and "receiving benefits"
somehow barred it from enforcing the promissory note. Similarly absent is any explanation,
accompanied by supporting legal authority and citation to the record, of how "force
majeure" or "illegal interference by" the Corporation relieved if from having to pay its debt. 


 While it may be that we must construe the rules of appellate procedure reasonably
and liberally, see Republic Underwriters Ins. Co. v. Mex-Tex, Inc., 150 S.W.3d 423, 427
(Tex. 2004), we are not obligated to contrive argument for any particular litigant. Jordan
v. Jefferson County, No. 07-03-0444-CV, 2004 Lexis 11212 (Tex. App.-Amarillo,
December 14, 2004, no pet.). So, given that Dion's failed to comply with its duty to support
its contentions with substantive analysis, citation to legal authority, and citation to the
record, Tex. R. App. P. 38.1(h) (imposing such a duty on an appellant), we conclude that
this portion of issue two was waived. See Sunnyside Feedyard L.C. v. Metropolitan Life
Ins. Co., 106 S.W.3d 169, 173 (Tex. App.-Amarillo 2003, no pet.) (holding that the failure
to properly brief an issue results in its waiver); Moser v. Davis, 79 S.W.3d 162, 169 (Tex.
App.-Amarillo 2002, no pet.) (holding that the failure to properly brief an issue results in its
waiver).

 Issue Three 

 Dion's presents a twofold attack upon the trial court's final judgment via its third
issue. The first concerns the sufficiency of the affidavits tendered by the City to support its
summary judgment grounds. According to Dion's, the documents "were incompetent to
establish any evidence in support of any grounds in the Motion." While the record discloses
that it did object to the affidavits below, the record does not indicate that the trial court ruled
on those objections. Having failed to secure a ruling from the court, Dion's did not preserve
its objections for appellate review. Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103,
112 (Tex. App.-Houston [14th Dist.] 2000, no pet.).

 Nor does Dion's explain, in its appellate brief, why the affidavits were purportedly
"incompetent." Nor are we directed to the particular matter within them that purportedly
rendered them incompetent. And, assuming arguendo, that Dion's merely re-urged that
argument contained in its response to the summary judgment motion, we note that the
portion dealing with its objections to the affidavits was and is bereft of citation to authority
and substantive legal analysis; so, it cannot serve to satisfy Dion's duty to provide us with
sufficient argument and authority illustrating reversible error.

 The second prong of Dion's attack involves the failure of the trial court to issue
findings of fact and conclusions of law in support of its summary judgment. While it may
be that the trial court did not execute any, Dion's was not entitled to them. See IKB Indus.,
Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 442 (Tex. 1997) (holding that a party is not entitled
to findings of fact and conclusions of law regarding the entry of a summary judgment).

 In sum, neither attack levied by Dion's via its third issue illustrates reversible error. 
So, we overrule the issue.

 Issue Four

 Through its last issue, Dion's argues that neither the Corporation nor the City
established their affirmative defenses to its claims, negated its defenses to their claims, or
negated the fact questions created by the affidavits it presented. We overrule the issue.

 These contentions, like its others, are little more than conclusions, bereft of legal
analysis. Furthermore, Dion's fails to direct us to the purported evidence in the affidavits
mentioned that purportedly creates material fact issues. Nor does it explain how that
unknown evidence created issues of fact or what those issues were. Simply put, the issue
was again waived due to inadequate briefing.

 Accordingly, we affirm the final summary judgment of the trial court. 

 Per Curiam