NO. 07-06-0126-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 10, 2006


______________________________



IN THE INTEREST OF E.M.M.


_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;



NO. 2005-529,976; HON. RUSTY LADD, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J. (1)

 Ramon Montelongo, Jr., appeals pro se from an order appointing Adelina Perez as
sole managing conservator of E.M.M.; Montelongo was appointed possessory
conservator. (2) In his brief, appellant asserts that 1) he was unaware that custody of the
child and the visitation rights of his parents would be determined in the same proceeding,
2) he lacked opportunity to obtain counsel for the trial, 3) he lacked notice of the hearing
and opportunity to prepare for it, and 4) the final order contained provisions not discussed
at the trial. We affirm the order.

 First, we note that appellant appeared at the trial of this matter, as did the attorney
he hired to represent him against pending criminal charges. The latter attorney informed
the trial court that his client, Montelongo, "through me appearing pro bono in this matter,
wants to raise" an issue. The issue, however, did not involve any complaint raised at bar. 
Nor did he complain to the trial court about lacking counsel to advise him or of insufficient
prior notice of the hearing. Similarly absent is any objection to the trial court's
consideration of both custody of the child and visitation by third parties in the same
proceeding. Therefore, any error that may have arisen was waived. Lemons v. EMW Mfg.
Co., 747 S.W.2d 372, 373 (Tex. 1988) (stating that the failure to object or request a
continuance waives error when the trial court proceeds to consider matters a party did not
believe would be considered at a particular hearing).

 As to matters purportedly being included in the final order that went unmentioned
at trial, appellant does not tell us of what those matters consist. Nor does he explain how
the circumstance purportedly harmed him. This is of concern because an appellant must
include in his brief clear and concise argument for the contentions made with appropriate
citations to authorities and to the record. Tex. R. App. P. 38.1(h). Moreover, the failure to
adequately brief an issue results in its waiver. Sunnyside Feedyard, L.C. v. Metropolitan
Life Ins. Co., 106 S.W.3d 169, 173 (Tex. App.-Amarillo 2003, no pet.). So, due to
inadequate briefing, Montelongo waived his complaint about the supposed deviation
between what was said at the hearing and the substance of the final order. (3)

 

 Accordingly, we overrule his points of error and affirm the judgment.


 Brian Quinn 

 Chief Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2006). 
2. The record shows that appellant is incarcerated, and the child's mother is deceased. 
3. A pro se plaintiff must follow the applicable laws and rules of procedure. Holt v. F. F. Enterprises,
990 S.W.2d 756, 759 (Tex. App.-Amarillo 1998, pet. denied). 



its own records. Culver v. Pickens, 142 Tex. 87, 176 S.W.2d 167, 171 (1943).

 In relevant part, article 55.01 provides that a person who has been placed under
arrest for a felony is entitled to have all records and files relating to the arrest expunged if
the person is tried for the offense for which he was arrested and is acquitted by the trial
court with the exception that such an expungement may not be ordered if "the offense for
which the person was acquitted arose out of a criminal episode, as defined by Section
3.01, Penal Code, and the person was convicted of or remains subject to prosecution for
at least one other offense occurring during the criminal episode." Tex. Code Crim. Proc.
Ann. art. 55.01(a)(1)(A) & (c) (Vernon Supp. 2006). 

 The Penal Code defines a criminal episode as "the commission of two or more
offenses, regardless of whether the harm is directed toward or inflicted upon more than
one person or item of property, under the following circumstances: (1) the offenses are
committed pursuant to the same transaction or pursuant to two or more transactions that
are connected or constitute a common scheme or plan; or (2) the offenses are the
repeated commission of the same or similar offenses." Tex. Pen. Code Ann. §3.01
(Vernon 2003).

 The nature of this proceeding requires us to make somewhat detailed references
to our January 12, 1989 opinion in Cause No. 07-87-0283-CR referred to by the trial court
in its order denying expunction. Examination of that opinion reveals that the murder charge
of which appellant was acquitted and the burglary charge upon which he was convicted
arose out of a sequence of events that occurred in Castro County on June 6, 1985. Robert
Ballard and his wife Frances were awakened during the night by their dog barking. Mrs.
Ballard saw the reflection of lights on a car turning into their residence's circular drive. A
few moments later she again heard her dog barking, got out of bed, and saw two men
coming around the corner of a residence located on the property speaking together in the
Spanish language. They unsuccessfully tried to quiet the dog.

 She notified her husband, but he did not get out of bed because he thought they
would leave when they found no one was at home in the residence. Later, however, Mrs.
Ballard noticed some dim lights on in the house and again awakened her husband. After
telling her to lock the door behind him, Mr. Ballard took a gun and went outside. She heard
him ask the men if they had a key to the other residence and other conversation she could
not understand. She then heard a vehicle start, she heard a shot from her husband's gun,
and she heard him say "I told you to leave and I meant it." Mrs. Ballard additionally heard
him tell the dog to charge. She then heard two more shots followed by the sound of the
vehicle leaving the scene. She went outside and found her husband lying unconscious by
the side of the other residence and he died without regaining consciousness. Later
investigation revealed that the other residence had been broken into, several items moved,
and appellant's fingerprints were found on a kerosene lamp located inside that residence.

 Appellant was initially charged with capital murder, murder, and burglary of a
habitation. However, prior to trial, the capital murder and burglary charges were dismissed,
and the State proceeded to trial on the murder charge. That trial resulted in the acquittal
giving rise to this expunction proceeding. Later, appellant was indicted for burglary and,
after a claim of double jeopardy as to the burglary was denied, the case proceeded to trial
and appellant was convicted of burglary, which was affirmed by this court primarily because
of the fingerprint evidence found inside the other residence which necessarily must have
been made at the time of an illegal entry.

 Our review of this background satisfies us that the trial court was entitled to take
judicial notice of the factual history of this proceeding and that it was justified in the
conclusion that the offense for which appellant was acquitted arose out of the same
criminal episode that resulted in appellant's conviction of burglary. That being so, the trial
court did not abuse its discretion in refusing to expunge the records pertaining to the
murder charge. See Tex. Code Crim. Proc. Ann. art. 55.01(c) (Vernon Supp. 2006).


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).