NO. 07-06-0126-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 10, 2006

_____

IN THE INTEREST OF E.M.M.

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2005-529,976; HON. RUSTY LADD, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Ramon Montelongo, Jr., appeals *pro se* from an order appointing Adelina Perez as sole managing conservator of E.M.M.; Montelongo was appointed possessory conservator.[2] In his brief, appellant asserts that 1) he was unaware that custody of the child and the visitation rights of his parents would be determined in the same proceeding, 2) he lacked opportunity to obtain counsel for the trial, 3) he lacked notice of the hearing and opportunity to prepare for it, and 4) the final order contained provisions not discussed at the trial. We affirm the order.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2006).

[2]The record shows that appellant is incarcerated, and the child's mother is deceased.

First, we note that appellant appeared at the trial of this matter, as did the attorney he hired to represent him against pending criminal charges. The latter attorney informed the trial court that his client, Montelongo, "through me appearing *pro bono* in this matter, wants to raise" an issue. The issue, however, did not involve any complaint raised at bar. Nor did he complain to the trial court about lacking counsel to advise him or of insufficient prior notice of the hearing. Similarly absent is any objection to the trial court's consideration of both custody of the child and visitation by third parties in the same proceeding. Therefore, any error that may have arisen was waived. *Lemons v. EMW Mfg. Co.,* 747 S.W.2d 372, 373 (Tex. 1988) (stating that the failure to object or request a continuance waives error when the trial court proceeds to consider matters a party did not believe would be considered at a particular hearing).

As to matters purportedly being included in the final order that went unmentioned at trial, appellant does not tell us of what those matters consist. Nor does he explain how the circumstance purportedly harmed him. This is of concern because an appellant must include in his brief clear and concise argument for the contentions made with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(h). Moreover, the failure to adequately brief an issue results in its waiver. *Sunnyside Feedyard, L.C. v. Metropolitan Life Ins. Co.,* 106 S.W.3d 169, 173 (Tex. App.–Amarillo 2003, no pet.). So, due to inadequate briefing, Montelongo waived his complaint about the supposed deviation between what was said at the hearing and the substance of the final order.[3]

---

[3]A *pro se* plaintiff must follow the applicable laws and rules of procedure. *Holt v. F. F. Enterprises,* 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

Accordingly, we overrule his points of error and affirm the judgment.


Brian Quinn
Chief Justice