BRIAN MILLSAP V. SHOW TRUCKS USA, INC.






NO. 07-08-0459-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 19, 2009
______________________________

MITCHELL E. WACHHOLTZ,
Â 
Appellant

v.

THE STATE OF TEXAS, 
Â 
Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â _________________________________

FROM THE 364th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416930; HON. BRADLEY S. UNDERWOOD, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Â Mitchell E. Wachholtz (appellant) appeals from his conviction for murder. He filed
his notice of appeal on November 14, 2008. The clerkâs record was filed on December 22,
2008, the reporterâs record on December 29, 2008. Appellantâs brief was due on January
28, 2009. Neither a brief nor a motion for extension was filed by that date with the court. 
On February 4, 2009, the court sent a letter to appellant notifying him that the brief was
overdue and that the brief or response was due on February 17, 2009. To date, no brief
or extension motion has been filed.
Â Â Â Â Â Â Â Â Â Â Consequently, we abate the appeal and remand the cause to the 364th District
Court (trial court) for further proceedings. Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
Â Â Â Â Â Â Â Â Â Â 1.Â Â Â Â Â Â Â whether appellant is indigent; 
Â 
Â Â Â Â Â Â Â Â Â Â 2.Â Â Â Â Â Â Â whether appellant desires to prosecute the appeal;
Â 
3. whether appellant has been denied the effective assistance of
counsel due to appellate counselâs failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35,
83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief).

Â Â Â Â Â Â Â Â Â Â We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the courtâs findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerkâs record containing the findings of fact and conclusions
of law and 2) a reporterâs record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerkâs
record to be filed with the clerk of this court on or before March 23, 2009. Should
additional time be needed to perform these tasks, the trial court may request same on or
before March 23, 2009.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



(2) (Vernon Supp. 2004). As can be seen, the requirement to undergo
counseling is dependent upon the releasee having committed an offense against a child,
not upon whether his psychological condition indicates that he is likely to offend again. The
latter condition being irrelevant to the application of §508.187(b)(2), appellant is not entitled
to a due process hearing to address that fact question. Connecticut Dept.of Pub. Safety
v. Doe, 538 U.S. 1, 7, 123 S.Ct. 1160, 1164-65, 155 L.Ed.2d 98, 105 (2003) (holding that
Doe was not entitled to a due process hearing to determine whether he posed a danger for
purposes of registering as a sex offender because registration was dependent upon his
having committed a sex offense, not his purported dangerousness).

 Assuming arguendo that Walp complains about some program other than that
encompassed by Â§508.187(b)(2), he does not cite us to the terms of any such program. 
Thus, we cannot say whether they can lawfully be imposed upon him or whether they fall
within the scope of Connecticut Dept. of Pub. Safety v. Doe. 

 Walp also contends that he is entitled to a hearing to challenge any numeric risk
level assigned him under art. 62.035 of the Texas Code of Criminal Procedure as part of
his release on mandatory supervision. (2) The contention is founded on the premise that the
statute "denies [him] of a hearing . . . ." Yet, upon reading the provision, one discovers that
it does not address the situation one way or the other. Nor does it state that the
assignment cannot be questioned. Thus, the trial court was entitled to conclude that the
provision does not deny him a hearing in any way. 

 Furthermore, at the time his suit was dismissed, Walp had yet to be released on
parole or mandatory supervision. Thus, whether he is assigned a numeric risk level to
which he objects is utter speculation, as is whether a means will or will not be available for
him to contest the assignment assuming he disagrees with it.

 Self-Incrimination


 As to his claim about his self-incrimination "as a condition of compulsory sex
offender treatment on mandatory supervision," it too lacks substance. First, he fails to cite
to anything of record purporting to indicate that he must incriminate himself to secure
mandatory supervision. Second, and assuming arguendo that such a condition does exist,
its impact, if any, upon him would be dependent upon his release on mandatory
supervision, the imposition of the requirement, and his refusal to comply with it. Since none
of these circumstances had occurred by the time he filed suit and before the trial court
dismissed it, their coming to fruition was simply speculation. In short, and again assuming
that the State maintained a policy requiring him to incriminate himself, suit raising this claim
was premature. In re Shaw, 117 S.W.3d 520, 525 (Tex. App.-Beaumont 2003, pet.
denied) (holding that speculation as to injuries that could result from a refusal to comply
with an order to submit to a polygraph test which are merely contingent and have not yet
accrued are not ripe).

 Right to Refuse a Polygraph and Plethysmograph Test, and to Free Speech

 As to the allegations regarding the refusal to undergo a polygraph or
plethysmograph test and the invocation of his right to free speech, each again relates to
his release on mandatory supervision. So too are they dependent upon the State imposing
upon him conditions of parole that somehow require him to undergo polygraph or like
examination or forego any free speech right he may have. Walp cites us to nothing of
record reasonably indicating that such conditions may be imposed. Nor does he cite us to
anything of record reasonably suggesting how the State will react to his refusal to undergo
testing or to speak of things he cares not to discuss. Assuming arguendo that the State
attempts that which he fears, if it does nothing in response to his ensuing conduct
(whatever that conduct may be), it can hardly be said that he suffered any injury warranting
judicial intervention. In short, pursuing these conjectural allegations via suit is also
premature.

 Mootness

 As to the issues involving whether his causes of action one through seven were
moot, we note that the trial court dismissed them "as frivolous." Next, while he purports to
argue, on appeal, why causes of action four through seven are meritorious, he does not do
so with regard to causes of action one through three. Thus, any complaint about the
dismissal of claims one through three on the ground of frivolousness was waived due to the
lack of briefing. Sunnyside Feedyard, L.C. v. Metropolitan Life Ins. Co., 106 S.W.3d 169,
173 (Tex. App.-Amarillo 2003, no pet.). Finally, we addressed the meritoriousness, or lack
thereof, of his allegations about causes of action four through seven in this opinion under
the headings "Due Process," "Self-incrimination," and "Right to Refuse a Polygraph and
Plethysmograph Test, and to Free Speech."

 "Other Reasons" 

 Finally, Walp contends that the trial court erred in dismissing his suit for "other
reasons." However, none of those reasons address the basis mentioned by the trial court,
i.e. frivolousness. Nor do they purport to show that his allegations were not frivolous. For
instance, he posits that the proper parties were eventually served or joined and that the trial
court failed to consider his "third amended original petition." Yet, how those contentions
affect the dismissal goes unexplained. Nor do we read them as addressing the basis upon
which the trial court relied in dismissing the suit. 

 In sum, we overrule each issue of Walp. The latter failed to show that the trial court
abused its discretion in dismissing his suit as frivolous. Accordingly, the order of dismissal
is affirmed.


 Brian Quinn 

 Justice 

1. Though he complained below about losing privileges as a result of his participation in a treatment
program, his complaints on appeal do not encompass those matters. Instead, his allegations concern action
to which he may be subject once released from prison on mandatory supervision. And, that is the framework
within which we work. 
2. The numeric risk level purports to gauge the sex offender's propensity to engage in criminal sexual
conduct. Tex. Code Crim. Proc. Ann. art. 62.035(c) (Vernon Supp. 2004).