

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-21-00129-CV
_____

RALPH LEE AND LUCKY 7 CATTLE COMPANY, LLC, APPELLANTS

V.

AGTEXAS FARM CREDIT SERVICES, AGTEXAS, PCA, AND AGTEXAS, FLCA,
APPELLEES

On Appeal from the 242nd District Court
Castro County, Texas
Trial Court No. B10555-2003, Honorable Kregg Hukill, Presiding

December 8, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Ralph Lee And Lucky 7 Cattle Company, LLC, (Lee and Cattle) appeal from a final judgment. The underlying suit concerned cattle allegedly owned by Lee and Cattle but taken by AgTexas Farm Credit Services, AgTexas, PCA, and AgTexas, FLCA (AgTexas entities). The judgment finalized an earlier order granting AgTexas entities their

respective motions for summary judgment. So too did it award AgTexas attorney's fees. We affirm.

Lee and Cattle pose 17 issues for review. This court refused to accept their initial brief because it failed to comply with Rule 38 of the Texas Rules of Appellate Procedure. Namely, it lacked a certificate of compliance and citation to the record. A substitute was filed in its place. The latter too fails to comply with Rule 38 of the Texas Rules of Appellate Procedure.

As before, many of the factual representations within the statement of facts are not followed by citation to the over 2500-page clerk's record. Furthermore, appellants are obligated to cite legal authority supporting the issues urged. TEX. R. APP. P. 38.1(i). Only three are mentioned in the brief of Lee and Cattle. One alludes to article VII of the United States Constitution, another to article V, § 10 of the Texas Constitution, and another to the limitation periods found in § 16.004(a) of the Texas Civil Practice and Remedies Code. Reference to the two constitutional provisions appeared in issue eleven, which issue concerned a purported denial of a right to a jury trial on the issue of attorney's fees. Allusion to § 16.004(a) appeared in issue 16 and concerned the period of limitations applicable to a purported breach of fiduciary duty. No authority was cited to support the conclusory argument proffered in the remaining 15 issues.

Also missing is substantive analysis within any of the 17 issues urged. Such analysis is required. *Sunnyside Feedyard v. Metro. Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex. App.—Amarillo 2003, no pet.). Its absence, as well as the absence of citation to legal authority, equates to inadequate briefing which results in a waiver of the complaints. *Pham v. State Farm Lloyds*, No. 07-17-00366-CV, 2018 Tex. App. LEXIS 8605, at *5

(Tex. App.—Amarillo Oct. 22, 2018, no pet.) (mem. op.); *Sunnyside Feedyard*, 106 S.W.3d at 173. Each of Lee and Cattle's 17 issues are little more than the summary of argument preceding them. None are accompanied by substantive discussion of applicable authority or substantive application of that authority to the evidence, facts, or circumstances deemed pertinent by Lee and Cattle. At best, the argument urged within each issue or group of issues consists of generalized statements without substantive relationship to specific legal theories and elements of those theories. And, we held such effort to constitute inadequate briefing in *Sunnyside Feedyard. Sunnyside Feedyard*, 106 S.W.3d at 173.

Simply put, the failure to comply with the briefing requirements expressed in Rule 38 of our appellate rules alone is enough to affirm the final judgment per the doctrine of waiver. Nevertheless, other bases allowing us to do so also exist, which bases we now mention.

In its order granting summary judgment, the trial court stated it "finds that summary judgment should be GRANTED **on all asserted grounds** in favor of all [the movants]." (Emphasis added). This circumstance obligated Lee and Cattle to illustrate that none of the grounds asserted by the AgTexas entities warranted summary judgment. *Pham v. Carrier*, No. 07-15-00031-CV, 2017 Tex. App. LEXIS 2850, at *4 (Tex. App.—Amarillo Apr. 3, 2017, no pet.) (mem. op.) (stating that when a trial court does not specify the grounds for its ruling, we must affirm its summary judgment if any ground on which judgment was sought is meritorious). Among the many grounds urged for summary judgment was limitations.

According to the fifth amended petition of Lee and Cattle (i.e., their live pleading), four claims or causes of action were mentioned. They consisted of 1) a request of declaratory relief concerning ownership of cattle allegedly converted, 2) a claim for damages under the Texas Theft Liability Act, 3) negligence, and 4) potentially a claim for breached fiduciary duty. The AgTexas entities invoked, in their motions for summary judgment, the two-year period of limitations to bar the claims involving conversion, the Texas Theft Liability Act, and negligence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (stating that a person must bring suit for conversion of personal property and taking or detaining the personal property of another no later than two years after the day the cause of action accrues); *Gonyea v. Scott*, 541 S.W.3d 238, 248 (Tex. App—Houston [1st Dist.] 2017, pet. denied) (concluding that the two-year statute of limitations applies to claims under the Texas Theft Liability Act). Lee and Cattle did not address this ground on appeal. Rather, they merely alluded to the claim of breached fiduciary duty and contended that it had a four-year period of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(5) (stating that one must bring suit for breach of fiduciary duty not later than four years after the day the cause of action accrues). Consequently, the denial of all the other claims can be affirmed because Lee and Cattle failed to illustrate on appeal why limitations did not bar them.[1]

---

[1] Attempting to raise, for the first time in their reply brief, the purported misapplication of the two-year limitations period to the causes of action other than breached fiduciary duty does not fill the void. New issues cannot be raised in a reply brief. *Warwick Oil & Gas, Inc. v. FBS Props.*, No. 01-14-00290-CV, 2015 Tex. App. LEXIS 5907, at *26–27 (Tex. App.—Houston [1st Dist.] June 11, 2015, no pet.) (mem. op.); *Green v. Quality Dialysis One, LP*, No. 14-05-01247-CV, 2007 Tex. App. LEXIS 6209, at *17–18 (Tex. App.—Houston [14th Dist.] Aug. 7, 2007, no pet.) (mem. op.); *Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied)*; Lopez v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.—San Antonio 2003, pet. denied).

As for breached fiduciary duty, the AgTexas entities averred in the summary judgment motions that no fiduciary relationship existed between them and Lee and Cattle. That basis for the trial court rejecting the claim was not the substance of an appellate issue.[2] So, even if a four-year limitation period applied to it, Lee and Cattle failed to establish that the trial court could not reject their breached fiduciary duty claims on the basis of no proof of a fiduciary relationship.

Regarding the denial of a jury trial on the topic of attorney's fees, Lee and Cattle merely cited to various constitutional provisions recognizing a general right to a jury trial and asserted that their request was timely. No mention was made of the grounds urged below by both the AgTexas entities and the trial court as basis for rejecting the request for a jury trial on the matter of fees. Indeed, one such ground concerned the Supreme Court rule that "[w]hen a jury trial is available as a matter of right, a timely request is presumptively reasonable and ordinarily must be granted absent evidence that granting the request would '(1) injure the adverse party, (2) disrupt the court's docket, or (3) impede the ordinary handling of the court's business.'" *In re A.L.M.-F.*, 593 S.W.3d 271, 283 (Tex. 2019); *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991). Lee nor Cattle addressed it, despite the trial court's expressed reliance on same. It is the appellant's burden to

---

[2] Admittedly, Lee and Cattle made the conclusory assertion that "[t]he taking by AgTexas of Lees Wagyu-Holstein Cross Cattle created a fiduciary obligation, under the Texas Civil Practice and Remedies Code Section 16.004." Reading it liberally, one could interpret it as their suggesting that a fiduciary relationship can arise from a mere conversion of property. But, again, they cite no legal authority supporting such a notion. Nor did they provide any analysis illustrating how the mere taking of property from another creates a fiduciary relationship between the two people. Indeed, a fiduciary relationship generally involves evidence of a close or special relationship because of which the plaintiff is in fact accustomed to being guided by the judgment or advice of the other. *See Gregan v. Kelly*, 355 S.W.3d 223, 228 (Tex. App.— Houston [1st Dist.] 2011, no pet.) (quoting *Thigpen v. Locke*, 363 S.W.2d 247,253 (1962)). How the mere taking of property belonging to another evinces the requisite close or special relationship from which one becomes accustomed to guidance by the judgment and advice of another is beyond our understanding. More explanation is needed, of which Lee and Cattle deprived us.

show error on appeal. *W. Mktg. v. AEG Petroleum, LLC*, 616 S.W.3d 903, 919 (Tex. App.—Amarillo 2021, pet. filed). That entails illustrating how the reasons justifying the trial court's ruling were invalid. Lee nor Cattle did that. And, it is not our duty to supply that missing argument. *Choice Asset Mgmt., Inc. v. Cit Tech. Fin. Servs.*, No. 07-12-00304-CV, 2013 Tex. App. LEXIS 11584, at *5 (Tex. App.—Amarillo Sept. 11, 2013, no pet.) (mem. op.).

Regarding Lee and Cattle's issues three through ten which concern the trial court sustaining objections to aspects of their summary judgment evidence, they argue that "AgTexas was required to present [them] to the trial court in open court at the hearing on Ag Texas' Motion for Summary Judgment." And, because "AgTexas fail[ed] to present these objections to the court in open court, [the default] resulted in a waiver of these written objections." Little else was said. Nor was legal authority proffered by Lee and Cattle to support their hypothesis that written objections to evidence sustained by a trial court actually are waived simply because they were not also discussed in open court. We know of no such authority and care not to create it. Furthermore, the appellate issues themselves actually were waived since neither appellant attempted to illustrate that the purported error was harmful per Texas Rule of Appellate Procedure 44.1. *See* TEX. R. APP. P. 44.1(a)(1), (2) (stating that no judgment may be reversed on the ground that the trial court made an error of law unless the court of appeals concludes the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to it). Such was their burden. *In re Marriage of Wallis*, No. 07-20-00247-CV, 2021 Tex. App. LEXIS 3927, at *9–10 (Tex. App.—Amarillo May 19, 2021, no pet.) (mem. op.). And, the failure to carry it waives the complaint. *Richard D.*

6

*Davis, LLC v. Sky Lakes Found.*, No. 14-17-00372-CV, 2019 Tex. App. LEXIS 1619, at *21–22 (Tex. App.—Houston [14th Dist.] Mar. 5, 2019, pet. denied) (mem. op.).

Due to the lack of adequate briefing and the failure to address all grounds upon which summary judgment and other of the trial court's rulings could have been granted, we overrule the issues of Lee and Cattle.  So too do we affirm the trial court's final judgment.


Brian Quinn
Chief Justice

7