889 S.W.2d 666 (1994)
TACON MECHANICAL CONTRACTORS, INC., Appellant,
v.
GRANT SHEET METAL, INC., Appellee.
No. B14-93-00470-CV.
Court of Appeals of Texas, Houston (14th Dist.).
December 8, 1994.
Rehearing Overruled December 29, 1994.
*668 Eric Carter, James L. Deem, Dallas, for appellant.
Gregory M. Cokinos, Craig E. Power, Douglas R. Drucker, Houston, Marc J. Wojciechowski, Marvin Moos, David A. Ward, Jr., Woodlands, for appellee.

OPINION
SEARS, Justice.
Tacon Mechanical Contractors, Inc., appeals from a judgment awarding Grant Sheet Metal, Inc. actual damages of $130,368.50 and exemplary damages of $150,000.00. Tacon raises twenty-two points of error, primarily challenging the legal and factual sufficiency of the evidence supporting the jury findings of liability, damages, and attorney fees. Grant brings one cross-point claiming the appeal was taken for delay and without sufficient cause. We affirm the trial court's judgment.
Tacon is a mechanical contractor that was responsible for installation of heating, ventilation, air conditioning (HVAC) and plumbing work on four construction projects. Grant was a subcontractor of Tacon, responsible for fabrication and installation of HVAC duct work. The parties encountered problems on the job. Tacon complained that Grant did not keep sufficient personnel, and Grant complained that Tacon caused interference on the job by running pipe through spaces designated for Grant's prefabricated duct work. Grant also complained that Tacon wrongfully withheld payment for work performed.
*669 Tacon terminated Grant in April 1986, before completion of the projects. Grant then filed suit against Tacon and the sureties on the bonds on the various jobs. Tacon filed a cross-claim alleging breach of contract. The jury found that Tacon breached all four contracts, intentionally interfered with Grant's work on three of the projects, wrongfully terminated Grant, and misapplied construction trust funds. The jury awarded Grant actual damages from Tacon and the sureties, and assessed exemplary damages against Tacon. The jury found no breach of contract by Grant.
Most of Tacon's points of error are challenges to the legal and factual sufficiency of the evidence supporting the jury findings of liability and damages. Therefore, we first set out the standard of review applicable to such challenges.
When a party challenges the legal sufficiency of an adverse finding, it must demonstrate that there is no evidence supporting the finding. In reviewing "no evidence" points of error, an appellate court must consider only the evidence and inferences tending to support the finding and disregard all contrary evidence and inferences. Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex.1992). If there is any evidence of probative force to support the finding, the point must be overruled. Southern States Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex.1989).
When a party claims the evidence is factually insufficient to support a finding, the appellate court must consider all of the evidence. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex.1989). Having done so, the court should set aside the verdict only if the evidence is so weak as to be clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986).
In point of error one, Tacon challenges the factual and legal sufficiency of the evidence supporting the jury's finding that Tacon breached all of its contracts with Grant. Tacon contends the evidence conclusively established that Tacon terminated the contracts after Grant had breached them. Furthermore, Tacon claims the jury issue on contract damages was erroneously submitted because Grant pled only "substantial performance."
Our review of the record reveals that Tacon terminated Grant for the stated reasons that Grant did not maintain adequate materials or qualified personnel on the job. Gene Grant, owner of Grant Sheet Metal, and Ralph May, former employee, testified that Grant had an adequate number of sufficiently experienced personnel on all of the job sites. Leroy Leuder, formerly a general foreman for Grant, testified that he kept a daily log of the number of employees working and that he gave a copy of this to the general contractor. These logs were admitted into evidence. Leuder testified that he was unaware of any complaints about Grant's personnel until just before Grant was terminated. Leuder further testified that Tacon was responsible for furnishing smoke dampers and they ordered the wrong size for the job.
Although Tacon presented evidence of defects in Grant's performance, Grant's evidence is sufficient to support the jury's verdict. Certainly, the jury's finding is not "so contrary to the overwhelming weight of the evidence as to be clearly wrong unjust." Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986). Thus, we overrule point of error one.
In point of error two, Tacon challenges the sufficiency of the evidence supporting the awards of damages because these amounts were based on the full contract price and Grant did not perform the full amount of work. Because our analysis of this point of error relates to our analysis of point of error three, we turn first to that point.
In point of error three, Tacon claims the evidence is legally and factually insufficient to support the jury's finding that Tacon wrongfully interfered with Grant's performance. Tacon's argument under this point of error consists of six sentences, broadly asserting there is no evidence, that Tacon rightfully terminated Grant, and that testimony by Robert Rimkus was based on unsubstantiated hearsay to which Tacon objected. Tacon does not provide any citations to the record for these assertions and does not present any argument for its alternative contention *670 that the evidence is factually insufficient. Because Tacon has presented no argument or citations to authority or to the record regarding its factual insufficiency claim, we find that claim waived. See White v. Bath, 825 S.W.2d 227, 230 (Tex.App. Houston [14th Dist.] 1992, writ denied), cert. denied, ___ U.S. ___, 113 S.Ct. 1868, 123 L.Ed.2d 488 (1993). Although we find Tacon's argument regarding legal insufficiency deficient, primarily for lack of citations to the record, we will consider that contention.
Tacon cites Black Lake Pipe Line Co. v. Union Construction Co., 538 S.W.2d 80 (Tex. 1976) in support of its contention that Tacon's termination of Grant was not interference that would entitle Grant to recover damages. Grant claimed, however, that Tacon interfered by failing to procure certain materials and by installing piping in the space designated for Grant's duct work. There is evidence showing that Tacon installed pipe in spaces designated for Grant's duct work, that Tacon failed to pay Grant in a timely manner, and that Tacon gave Grant payment by check that was returned by the bank for insufficient funds. There is also testimony by Paul Avenell of Tacon that Grant completed its work on the New Caney High School project. This evidence is sufficient to support the jury's finding of wrongful interference. With a legal sufficiency challenge, an appellate court may not second guess a factfinder "unless only one inference could be drawn from the evidence." State v. $11,014.00, 820 S.W.2d 783, 785 (Tex.1991). We overrule point of error three.
Next, we must determine whether Grant was entitled to recover full contract damages. A nonbreaching party is generally entitled to all its actual damages necessary to put it in the same economic position it would have been in had the contract not been breached. General Elec. Supply Co. v. Gulf Electroquip, Inc., 857 S.W.2d 591, 599 (Tex. App.Houston [1st Dist.] 1993, writ denied). Tacon argues that Grant did not complete the work on the projects and, thus, is not entitled to full payment. This assertion, however, ignores case law regarding wrongful interference with contract performance. When one party to a contract, by wrongful means, prevents the other party from performing, this interference with performance constitutes breach of contract. S.K.Y. Inv. Corp. v. H.E. Butt Grocery Co., 440 S.W.2d 885, 889 (Tex.Civ.App.Corpus Christi 1969, no writ). Such a breach not only excuses performance by the injured party, but also entitles him to recover damages sustained by reason of the breach. Id. at 889-890.
Because there was sufficient evidence to support the jury's findings that Tacon wrongfully interfered with Grant's performance of these contracts, Grant was entitled to recover the damages it sustained as a result of Tacon's breach. S.K.Y. Inv. Corp., 440 S.W.2d at 889. There is evidence in the record supporting the amounts awarded by the jury.
Tacon, however, claims that Grant could only recover damages pursuant to the doctrine of substantial performance and that Grant failed to establish the requisite elements of that doctrine. The doctrine of substantial performance allows a party to a contract, who is himself in breach but who nevertheless substantially completed performance, to recover damages for that performance. Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex.1990). The jury found that Tacon, and not Grant, breached the contract. Therefore, the doctrine of substantial performance is inapplicable. Accordingly, we overrule point of error two.
In point of error four, Tacon contends the evidence was legally and factually insufficient to support the jury's findings as to all amounts of damages for interference. As under point of error three, Tacon's argument under this point of error does not mention its factual insufficiency claim or cite any authority or reference to the record regarding this contention. Therefore, we hold that Tacon has waived its factual insufficiency claim. See White, 825 S.W.2d at 230. We turn to Tacon's legal insufficiency claim.
Each of the contracts contain the following clause:
Should Contractor [Tacon] delay Subcontractor's [Grant's] work, then and in such event Contractor shall owe Subcontractor therefor only an extension of time for completion *671 equal to the delay caused, and then only if written claim for delay is made to Contractor within forty-eight (48) hours from the beginning of the delay.
Tacon argues that, under this provision, Grant was required to give 48 hours written notice of delays allegedly caused by Tacon or Grant was not entitled to recover damages for delay. Grant offers two responses to Tacon's contention. First, Grant asserts that, even if this clause prohibits recovery of damages for delay, Tacon has waived this defense by failing to plead it. Second, Grant maintains that this provision does not preclude recovery of damages for delay. We turn to the waiver argument first.
Rule 94 requires affirmative pleading of certain specified defenses and of "any other matter constituting an avoidance or affirmative defense." Tex.R.Civ.P. 94. Where an affirmative defense is not pled or tried by consent, it is waived. Espinoza v. Victoria Bank & Trust Co., 572 S.W.2d 816, 827 (Tex.Civ.App.Corpus Christi 1978, writ ref'd n.r.e.). Tacon is attempting to avoid liability for damages for delays by contending a contractual clause precludes liability. A similar attempt was unsuccessful in Borders v. KRLB, Inc., 727 S.W.2d 357 (Tex. App.Amarillo 1987, writ ref'd n.r.e.). In Borders, the appellant claimed his liability was limited under a liquidated damages clause in the contract. Id. at 360. The court held that this claim was waived because appellant had not pled the provision as an avoidance defense. Id.
Tacon's argument that the delay provision in the instant contract precludes liability for delay damages is a classic avoidance defense. Tacon did not affirmatively plead this provision, but merely filed a general denial. Furthermore, this defense was not tried by consent. Therefore, we hold that Tacon has waived this contention and we need not determine whether this clause precludes the damages awarded. We overrule point of error four.
In point of error five, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's finding that Tacon intentionally interfered with Grant's contract. In point of error six, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's finding that Tacon wrongfully terminated Grant. In point of error seven, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's finding that Tacon terminated Grant with malice.
Under these points, Tacon provides no citations to the record and cites no authority. The argument presented is conclusory. Where an appellant's points of error are not supported by authorities, citation to the record, and contain mere conclusory argument, those points are waived. See Anheuser-Busch Co., Inc. v. Summit Coffee Co., 858 S.W.2d 928, 942 (Tex.App.Dallas 1993, writ denied), cert. filed, 63 USLW 3161 (Aug. 30, 1994). We also note that Tacon's arguments under these three points do not mention the factual insufficiency claim. This lack of briefing alone waives this claim. Barham v. Turner Constr. Co., 803 S.W.2d 731, 740 (Tex.App.Dallas 1990, writ denied). Thus, we overrule points of error five through seven.
In point of error eight, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's finding that Tacon misappropriated trust funds. Tacon argues that there was no proof that Tacon received any specific trust funds.
Grant argues that Tacon received funds from the general contractor and that a portion of these funds were to be held in trust for the benefit of, and in payment to, Grant for work performed. The instruction to jury question nine advised the jury that construction payments made to a contractor under a construction contract for the improvement of real property in Texas are trust funds and that a subcontractor who labors or furnishes labor or materials for that construction is a beneficiary of those trust funds. The instruction further stated that "a trustee who, with intent to defraud, directly or indirectly retains, uses, disburses or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust funds, has misapplied the trust funds."
*672 Our review of the record indicates there was sufficient evidence showing that Tacon did not make payments for certain invoices for work performed by Grant. There was also evidence that Tacon frequently withheld payment in full of invoices from Grant. We find this evidence sufficient to support the jury's finding that Tacon misappropriated trust funds. We overrule point of error eight.
In point of error nine, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's finding of damages for misappropriation of trust funds. Under this point, Tacon provides no citations to the record and no authority. Furthermore, the argument consists of three sentences effectively stating no more than mere conclusions that there is no evidence to support the jury's finding. Where an appellant's points of error are not supported by authorities, citation to the record, and mere conclusory argument, those points are waived. See Anheuser-Busch Co., 858 S.W.2d at 942. We hold that Tacon has waived this complaint and we overrule point of error nine.
In point of error ten, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's award of exemplary damages. As under previous points of error, Tacon presents no argument for its alternative contention that the evidence is factually insufficient. Because Tacon has presented no argument regarding its factual insufficiency claim, we find that claim waived. See White, 825 S.W.2d at 230. Therefore, we turn to Tacon's legal sufficiency claim.
Tacon claims that no evidence supports the responses to the jury questions on which this question is based and, therefore, there is no evidence supporting an award of exemplary damages. Jury question thirteen involves an award for exemplary damages and response to this question is predicated on the jury's affirmative response to questions five (wrongful interference), eight (whether the wrongful termination of Grant was done with malice), ten (damages for misapplication of trust funds), or twelve (damages for misrepresentations). The jury found that Tacon had made no misrepresentations and thus, awarded no damages under jury question twelve. We have already upheld the jury's findings in response to questions five and ten. Therefore, Tacon's argument that there is no basis for the jury question regarding exemplary damages is without merit. We overrule point of error ten.
In point of error eleven, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's finding of damages owed by Seaboard Surety Company, Continental Casualty Company, and Commercial Union Insurance Company. Seaboard, Continental, and Commercial Union are co-defendants who have not appealed. Grant urges us to overrule this point of error because Tacon has no standing to complain about damages awarded against its non-appealing co-defendants.
In Jackson v. Fontaine's Clinics, Inc., 499 S.W.2d 87, 92 (Tex.1973), the petitioner brought a complaint about an award of exemplary damages against her non-appealing co-defendants. The supreme court held that a petitioner may not complain of errors which do not injuriously affect him or which merely affect the rights of others. Id. Based on Jackson, we hold that Tacon may not complain about the award of damages against the sureties. We overrule point of error eleven.
In point of error twelve, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's findings of attorney's fees. Tacon's only argument under this point of error is "the evidence conclusively establishes as a matter of law that Grant is not entitled to recover damages from Tacon under any theory" and therefore is not entitled to recover attorney's fees. Because we have upheld the jury findings of liability in favor of Grant, Tacon's argument is without merit. We overrule point of error twelve.
In point of error thirteen, Tacon challenges legal and factual sufficiency of the evidence supporting the jury's failure to find liability on Tacon's claim that Grant breached its contracts with Tacon. When a party challenges the legal sufficiency of an adverse finding on an issue on which he had the burden of proof, he must demonstrate on appeal that the evidence conclusively established *673 all vital facts in support of the issue. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.1989). We use a two-prong test in reviewing a "matter of law" challenge. First, we examine the record for evidence supporting the finding, while ignoring contrary evidence. Id. If there is no evidence to support the finding, we must then examine the entire record to determine if the contrary proposition is established as a matter of law. Id. If the contrary proposition is conclusively established, we will sustain the point of error. Meyerland Community Improvement Ass'n v. Temple, 700 S.W.2d 263, 267 (Tex.App.Houston [1st Dist.] 1985, writ ref'd n.r.e.).
Where a party attacks the factual sufficiency of the evidence on an issue on which he had the burden of proof, he must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. Hickey v. Couchman, 797 S.W.2d 103, 109-10 (Tex.App.Corpus Christi 1990, writ denied). We must examine the entire record to determine if there is some evidence to support the finding. Cain, 709 S.W.2d at 176.
Although Tacon does not provide any record citations or discussion of the evidence under this point, it alludes to such discussion under other points of error. Under point of error one, there is discussion of the evidence regarding Grant's performance. As with many other points of error in Tacon's brief, we find the argument conclusory and lacking in record citations and analysis. Although we could find waiver, Shenandoah Assoc. v. J & K Prop., Inc., 741 S.W.2d 470, 492 (Tex. App.Dallas 1987, writ denied), we will address this point of error.
Our review of the record indicates there is evidence that Grant maintained adequate numbers of experienced personnel. Furthermore, Grant's daily logs showing the personnel on each job each day were admitted into evidence. This is certainly evidence to survive a legal sufficiency challenge.
There is evidence from Tacon's witnesses that Grant under-staffed the projects with inexperienced workers. There is also evidence that Grant failed to complete the projects; however, the evidence showed that Tacon caused many delays by installing piping in the spaces designated for Grant's ductwork. There is evidence that Tacon delayed payments due to Grant for work performed and paid Grant with checks that were returned for insufficient funds. Furthermore, Tacon terminated Grant before it could complete its performance.
In reviewing "great weight" points, we must be mindful that the jury was not convinced by a preponderance of the evidence that Grant breached its contracts with Tacon. We may only reverse if the great weight of the evidence supports an affirmative answer. See Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex.1988). Based on our examination of the record, we do not find that the great weight of the evidence supports an affirmative finding that Grant breached its contracts with Tacon. Therefore, we overrule point of error thirteen.
In point of error fourteen, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's failure to find damages suffered by Tacon for Grant's breach of contract. Under this point of error, Tacon cites no authority, makes a one sentence conclusory argument, and offers no citations to the record. Where an appellant's points of error are not supported by authorities or citations to the record, and contain mere conclusory argument, it waives those points of error. See Anheuser-Busch Co., 858 S.W.2d at 942. Thus, we overrule point of error fourteen.
In point of error fifteen, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's finding that Grant performed in a good and workmanlike manner. Tacon presents no argument for its alternative contention that the evidence is factually insufficient. Because Tacon has presented no argument regarding its factual insufficiency claim, we find that claim waived. See White, 825 S.W.2d at 230. Therefore, we turn to Tacon's legal sufficiency claim.
Grant contends that the evidence conclusively establishes that "none of the jobs were even completed ... much less performed in a good and workmanlike manner." The jury was instructed that "good *674 and workmanlike manner" means "the manner in which an ordinary prudent subcontractor engaged in constructing a building would have performed the particular work under the same or similar circumstances." Having reviewed the record, we find there is sufficient evidence showing that Grant maintained adequate staff on each of the projects, that they provided adequately experienced personnel, that their crews were adequately supervised, and that they performed their assigned tasks as well as they could, given the interference by Tacon. We find this sufficient to support the jury's finding and we overrule point of error fifteen.
In point of error sixteen, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's failure to find damages as a result of Grant's failure to perform in a good and workmanlike manner. Because we have upheld the jury's finding that Grant did not fail to perform in a good and workmanlike manner, we need not address this point of error.
In point of error seventeen, Tacon challenges the legal and factual sufficiency of the evidence supporting the jury's finding that Tacon was entitled to no attorney's fees. Since Tacon did not prevail on any of its claims, the jury properly did not award attorney's fees to Tacon. Nichols v. Acers Co., 415 S.W.2d 683, 692 (Tex.Civ.App.Austin 1967, writ ref'd n.r.e.). Thus, we overrule point of error seventeen.
In point of error eighteen, Tacon contends the damages awarded to Grant were manifestly too large. Tacon claims "the jury clearly ignored the law and the evidence and based its shockingly excessive awards on sympathy for Grant and prejudice against Tacon, fanned by Grant's argument about the strong preying on the weak...." Again, Tacon fails to offer any citations to the record or to explain how or where the record indicates the award resulted from jury passion or prejudice. We find Tacon's briefing of this argument seriously deficient. Although we could find waiver, Shenandoah Assoc., 741 S.W.2d at 492, we will consider this point.
Generally, the jury's awards of damages will not be overturned on grounds of excessiveness if any probative evidence sustains the awards. Tri-State Motor Transit Co. v. Nicar, 765 S.W.2d 486, 493 (Tex. App.Houston [14th Dist.] 1989, no writ). An appellate court will not substitute its judgment for that of the jury unless the record as a whole establishes the damage award resulted from the jury's passion, prejudice, or improper motive. Gulf States Util. Co. v. Reed, 659 S.W.2d 849, 855 (Tex.App. Houston [14th Dist.] 1983, writ ref'd n.r.e.). If after reviewing the record, the court finds the award so excessive as to shock the conscience, the court may grant a remittitur. International Armament Corp. v. King, 674 S.W.2d 413, 419 (Tex.App.Corpus Christi 1984), aff'd, 686 S.W.2d 595 (Tex.1985).
Having reviewed the record, we have found sufficient evidence to support the jury's award of damages for Tacon's breach of contract, for Tacon's wrongful interference with Grant's performance, and for misapplication of trust funds. The jury awarded total actual damages in excess of $217,000.00 and exemplary damages of $150,000.00. There was testimony from Grant's witnesses indicating more damages for breach of contract than the jury subsequently awarded. Thus, we find no merit to Tacon's assertion that the jury's awards resulted from prejudice or passion. We overrule point of error eighteen.
In point of error nineteen, Tacon claims the trial court erred in excluding the subject of Grant's bankruptcy from the voir dire and the opening statement.[1] Tacon contends this issue was relevant to rebut Grant's claim that Tacon was the source of Grant's financial problems. Furthermore, Tacon maintains that this information was relevant to Grant's failure to provide adequate staff and materials for the jobs.
*675 The trial court has broad discretion with respect to voir dire. Babcock v. Northwest Memorial Hosp., 767 S.W.2d 705, 709 (Tex.1989). To obtain a reversal, a complaining party must show that the trial court abused its discretion and that the error was calculated to cause and probably did cause the rendition of an improper judgment. TEX. R.CIV.P. 228. The trial court also has broad discretion to limit opening statements. Ranger Ins. Co. v. Rogers, 530 S.W.2d 162, 170 (Tex.Civ.App.Austin 1975, writ ref'd n.r.e.). Any abuse of discretion by the trial court is reversible error if it was calculated to cause and probably did cause the rendition of an improper judgment. Southern Pac. Transp. Co. v. Peralez, 546 S.W.2d 88, 97 (Tex.App.Corpus Christi 1976, writ ref'd n.r.e.).
The rulings in court regarding the subject of Grant's motion in limine appear on the record. The motion in limine is not in the transcript, although Grant's supplemental motion in limine is. Without the motion, it is difficult to determine which requests the trial court granted or denied because the parties and the court tend to refer to the requests by number, rather than by subject matter. The only discussion relevant to bankruptcy is the court's ruling regarding other lawsuits, for which the court ruled that counsel could not mention such lawsuits during voir dire or opening argument. Tacon's counsel then brought up the bankruptcy as follows:
MR. LUTTRELL [Tacon's trial counsel]: One other thing. And I guess it is not, per se, a lawsuit. But there is also the bankruptcy situation, which isis going to be involved in this reputation situation. I assume you would not want anything said on that.
THE COURT: When was the bankruptcy filed?
MR. WETZEL [Grant's counsel]: 1983.
THE COURT: Oh.
MR. WETZEL: Before this occurred these incidents occurred, the four contracts. And then it came out of bankruptcy.
THE COURT: Approach the Bench on it.
To preserve a complaint for review, a party must have presented trial court with a request, or an objection. See TEX.R.APP.P. 52(a). Tacon's counsel did not object to the trial court's refusal to allow mention of bankruptcy during voir dire or opening argument; however, the bankruptcy was raised often during testimony.
We find that Tacon has not established a clear abuse of discretion by the trial court in refusing to allow mention of bankruptcy during voir dire or opening argument. Furthermore, Tacon did not object to this failure. Finally, Tacon has not demonstrated how the court's ruling was calculated to cause and probably did cause the rendition of an improper judgment. We overrule point of error nineteen.
In point of error twenty, Tacon claims the trial court abused its discretion in failing to exclude the testimony of Leroy Leuders after he violated the rule. Tacon contends that Leuders had conversations with Gene Grant after the rule was invoked. Tacon asserts that it timely requested the trial court strike the testimony and declare a mistrial.
Placing witnesses "under the rule" means that, at the request of either party, witnesses on both sides shall be sworn and removed from the courtroom to a place where they cannot hear the testimony as delivered by any other witness in the case. TEX.R.CIV.P. 267(a). When placed under the rule, witnesses are to be instructed not to converse with each other or with any other person about the case other than the attorneys in the case, except with the permission of the court. TEX.R.CIV.P. 267(d). When confronted with a possible violation of the rule, the court has discretionary authority to consider all of the facts in determining whether to disqualify the witness. See Southwestern Bell Tel. Co. v. Johnson, 389 S.W.2d 645, 648 (Tex.1965).
Here, Leuders admitted he had conversations with Gene Grant, but that there were no specific comments about the jobs. Leuders also testified that they discussed golf and what some of the former employees are now doing. Leuders denied discussing *676 Grant's financial condition. Leuders also testified that these conversations occurred before he was sworn in as a witness. The trial court stated that he was denying Tacon's motion to strike because he found that the conversations occurred before Leuders was sworn in and because the conversations did not concern any specific issues involved in the case. We find no abuse of discretion by the trial court. We overrule point of error twenty.
In points of error twenty-one and twenty-two, Tacon claims the trial court erred in overruling its motion for judgment n.o.v./motion to disregard jury findings and its motion for new trial because the cumulative effect of all of the error operated to deny Tacon a fair trial and caused rendition of an unjust and improper verdict. These two points of error rest upon findings of error under prior points of error. Because we have found no error by the trial court, we find no cumulative error. We overrule points of error twenty-one and twenty-two.
Grant raises one cross-point contending Tacon's appeal was groundless, frivolous and taken for delay. Accordingly, Grant claims it is entitled to an award of damages equal to ten percent of the amount in dispute. In support of this claim, Grant asserts that thirteen of Tacon's seventeen points of error challenging the sufficiency of the evidence supporting jury findings contain no references to the record. Grant further notes that eleven of Tacon's twenty-two points of error cite no authority.
We have indicated our position on Tacon's brief; however, "[i]neptitude in the presentation of an appeal is not an adequate ground for assessment of a frivolous appeal penalty." Daniel v. Esmaili, 761 S.W.2d 827, 831 (Tex. App.Dallas 1988, no writ). We will not punish Tacon for the inadequacies of its attorney unless the circumstances indicate that the appeal was brought for purposes of delay and without sufficient cause. See id. In Daniel, the court found four factors sufficient to support imposition of delay damages. Those factors included the unexplained absence of statement of facts, the unexplained failure to file a motion for new trial, a poorly written brief, and the unexplained failure of appellant's counsel to appear for oral argument. Id.
We find no factors indicating the appeal is completely groundless or brought merely for purposes of delay. Therefore, we overrule Grant's cross-point.
We affirm the trial court's judgment.
NOTES
[1] At the risk of being repetitive, we note that Tacon again fails to cite any authority under this point of error. We urge Tacon's counsel to review Rule 74 of the Texas Rules of Appellate Procedure and to submit briefs with case authority, citations to the record, and analysis applying that authority to the facts of the case.