Willie Thornton v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-026-CV

     ROBERT GRAY WILKERSON,
                                                                         Appellant
     v.

     ANIL K. SINHA, D/B/A SHARPSTOWN
     MEDICAL CLINIC,
                                                                         Appellee
 

From the 61st District Court
Harris County, Texas
Trial Court # 99-10189
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      This is an appeal from a monetary judgment entered in a breach of contract case. Following
a trial to the bench appellant Robert Gray Wilkerson [hereinafter“Wilkerson”] was ordered to pay
Anil K. Sinha, d/b/a Sharpstown Medical Clinic [hereinafter “The Clinic”], $90,000 in damages
and $5,000 in attorneys fees.
      The Clinic sued for breach of contract, alleging that Wilkerson, a salaried employee of The
Clinic, improperly caused certain payments for medical treatment from the National Heritage
Insurance Company to be sent to him, rather than The Clinic. The trial court ruled in favor of The
Clinic after determining that Wilkerson did breach the contract. Wilkerson presents one issue on
appeal: Can the failure to perform an illegal act constitute a breach of contract? We will affirm
because the issue presented on appeal was waived in the trial court. 
      In response to The Clinic’s original petition, Wilkerson filed an answer containing a general
denial. Wilkerson did not contend in his answer that the contract The Clinic sued on was illegal. 
The first time the defense of avoidance due to illegality was raised at trial occurred during closing
argument when Wilkerson’s counsel stated that if the contract required that The Clinic “keep all
of [the payments] except $8,000 a month, that’s an illegal agreement. You can’t split medical fees
that way.” In response, The Clinic’s trial counsel stated:
This is the first I have heard of today that we’re dealing with an illegal contract. In
fact, I have seen no – I have seen absolutely no authority for the proposition, legal
authority or otherwise that this contract was illegal. It was not pled as an affirmative
defense and should not be even considered by the Court in its deliberations.

It is well-settled that affirmative defenses must be pled. See Tex. R. Civ. P. 94. Illegality is an
affirmative defense. Id. Where an affirmative defense is not pled or tried by consent, it is
waived. See Tacon Mechanical Contractors, Inc. v. Grant Sheet Metal, Inc., 889 S.W.2d 666,
671 (Tex. App.—Houston [14th Dist.] 1994, writ denied); see also Espinosa v. Victoria Bank &
Trust Co., 572 S.W.2d 816, 827 (Tex. Civ. App.—Corpus Christi 1978, writ ref’d n.r.e.). Here,
the affirmative defense that the contract was illegal, was not pled nor tried by consent. Therefore,
issue one, which challenges the judgment on the ground that the contract sued on was illegal, was
waived.
      Wilkerson’s issue is overruled and the trial court’s judgment is affirmed.
 
 
DAVID L. RICHARDS
                                                                   Justice

Before Justice Vance,
      Justice Gray, and
      Justice Richards (Sitting by Assignment)
Affirmed
Opinion delivered and filed October 2, 2002
Do not publish
[CV06]