Affirmed and Memorandum Opinion filed August 24, 2006








Affirmed and Memorandum Opinion filed August 24, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00576-CV

____________

 

ROGER DUANE RASBACH, JR., Appellant

 

V.

 

JANE PHILLIPS, AS SURVIVING PARENT
AND BANK OF AMERICA, N.A., AS TRUSTEE FOR THE WINNIE ARNETT PHILLIPS TRUST, THE
HERBERT HOUGHTON PHILLIPS TRUST, AND/OR ANY OTHER TRUSTS AND/OR SUBTRUSTS
HAVING JANE PHILLIPS AS BENEFICIARY AND/OR OTHER FINANCIAL INTEREST, Appellees

 



 

On Appeal from the 257th
District Court

Harris County, Texas

Trial Court Cause No.2003-58570

 



 

M E M O R A N D U M   O P I N I O N

Appellant Roger Duane Rasbach, Jr., an adult disabled
child, appeals the dismissal of his suit seeking child support from appellees
Jane Phillips and Bank of America, N.A.  The trial court determined that
Rasbach lacked standing to bring the suit, and further denied Rasbach=s request to
certify questions to the Texas Supreme Court.  We affirm.

Background

From the record and the sparse factual background in the
parties= briefs, we glean
the following relevant facts and procedural history.  In 2003, Bill E. Davis,
an attorney, filed suit against Jane Phillips and Bank of America as ATrustee for the
Roger D. Rasbach, Sr. Irrevocable Trust, as Petitioner, on behalf of and as
agreed by Roger Duane Rasbach, Jr.@  Jane Phillips is
Rasbach=s only living
parent and the beneficiary of trusts administered by Bank of America as
trustee.  

According to the petition, Rasbach was then a 46-year-old
adult disabled child who suffered from chronic mental disorders[1]
and could not adequately care for himself Aby reason of said
mental infirmity.@  Rasbach=s parents divorced
in 1964 or 1965, and since then Rasbach had lived with his father and twin
brother until his father died in October 2003.  After his father died, Rasbach
was Atemporarily
dwelling on the couch@ at the apartment of his twin brother. 
Davis, on Rasbach=s behalf, sought child support under
Family Code Chapter 154, and specifically invoked section 154.001(a)(4), which
provides that a court may order a parent to support a disabled child for an
indefinite period.  Davis requested, among other things, monthly support
retroactive to the date of Rasbach=s parents= divorce and
temporary support in the amount of $4,000 per month during the pendency of the
suit. 








Phillips and the Bank answered and asserted, among other
things, that Bill E. Davis lacked standing and capacity to bring the suit on
Rasbach=s behalf.  Rasbach
then filed a plea in intervention seeking the same relief Davis had sought on
his behalf in the original petition.  The next day, Davis dismissed his
petition, leaving the Aintervenor@ Rasbach as the
only plaintiff.  In response to Rasbach=s plea in
intervention, Phillips and the Bank asserted that Rasbach lacked standing to
sue for support because the Family Code provides that an adult disabled child
may only bring suit if he meets certain requirements, including that he Adoes not have a
mental disability.@  See Tex. Fam. Code ' 154.303(a)(2)(b).[2] 
In his responses, Rasbach noted that Amental disability@ is not defined in
the Family Code and argued that a distinction existed between the Alegal@ definition and
the medical definition.  Rasbach also alleged he had capacity to maintain the
suit, and attached to his responses an AAffidavit of
Capacity Assessment@ attested to by Floyd L. Jennings, J.D.,
Ph.D.  In the affidavit, Jennings opined that Rasbach had sufficient capacity
to appoint Bill E. Davis as his attorney-in-fact. 

In Rasbach=s last pleading, the AThird Amended
Petition to Intervenor=s Original Plea in Intervention,@ he alleged in the
alternative that, in the event the trial court determined that he lacked
standing to pursue his claims on his own behalf, Rasbach would Ainvoke[] his
rights to equal protection of the laws and due process as afforded [him] under
the Constitutions of both the State of Texas and the United States of America.@  Rasbach also
challenged as unconstitutional Family Code section 154.303=s provision that
an adult disabled child with a mental disability does not have standing to sue
for support.  In connection with these allegations, Rasbach added to his suit
Greg Abbott, Attorney General of the State of Texas.  

Following some procedural complications not relevant here,
on December 15, 2004, the trial court signed an order dismissing Rasbach=s suit and denying
his request for an abatement of the proceedings.  The trial court determined
Rasbach did not have standing to bring the suit, and denied Rasbach=s request to have
the following questions certified and sent to the Texas Supreme Court:  (1) AWhether [Rasbach],
by being denied standing, is a member of a class that is denied equal
protection of the laws and denial of due process as afforded to [Rasbach] under
the Constitutions of both the State of Texas and the United States of America?@; and (2) AWhat is the legal
definition, as distinguished from the medical or other non-legal definition, of
the term >mental disability= as stated and
used in Tx. Fam. Code Sec. 154.303(1)(B)?@  








Rasbach filed a motion to reconsider or, in the
alternative, motion for new trial, asserting that the Attorney General had been
served with citation Aas an indispensable and necessary party,@ and requesting a
new trial so that the Attorney General could Aattend and be
heard@ on the issues
raised in the suit.  Following a hearing, the trial court denied the motion. 
This appeal followed.

Analysis

Rasbach presents two issues on appeal:  (1) Apositive responses@ to the certified
questions he proposed in the trial court will allow him to continue his appeal;
and (2) he Ahas been otherwise unable to continue with any legal
proceedings under his existing circumstances and in his present situation.@  Before we
address these issues, however, appellant raises a jurisdictional issue that we
must address first.

Is the Judgment Interlocutory?

Apart from his appellate issues, Rasbach contends the trial
court=s judgment
dismissing his suit is interlocutory because the State of Texas is an
indispensable party to the constitutional issues raised in his suit and the
Attorney General was served but has not answered.  Rasbach does not provide any
analysis or authority to explain why he believes the State of Texas is an
indispensable or necessary party to the suit.  Moreover, Rasbach misunderstands
the nature of the trial court=s order.  The trial court=s order dismissed
Rasbach=s suit because
Rasbach lacked standing to sue.  Standing, as a necessary component of a court=s subject‑matter
jurisdiction, is a constitutional prerequisite to maintaining a suit.  See
Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
443 (Tex. 1993).  If a party lacks standing, a court lacks subject‑matter
jurisdiction to hear the case.  See id.  Without subject-matter
jurisdiction, there is no case to which an allegedly indispensable or necessary
party may be joined and no necessity to wait until all potential parties are
served.  As we discuss below, the trial court did not err in dismissing Rasbach=s suit for lack of
standing.  Therefore, on this record, we hold that the trial court=s judgment is not
interlocutory.








The Requested Certified Questions and Standing 

We turn now to the substance of Rasbach=s appeal. 
Although it is not entirely clear from Rasbach=s briefing, he
appears to request that this court forward to the Texas Supreme Court his
proposed certified questions, which are the following:  (1) AWhether [Rasbach],
by being denied standing, is a member of a class that is denied equal
protection of the laws and denial of due process as afforded to [Rasbach] under
the Constitutions of both the State of Texas and the United States of America?@; and (2) AWhat is the legal
definition, as distinguished from the medical or other non-legal definition, of
the term >mental disability= as stated and
used in Tx. Fam. Code Sec. 154.303(1)(B)?@  Rasbach contends
that these questions should be certified Afor constitutional
reasons@ and the answers
to them will enable him to have standing below.  Specifically, Rasbach asserts
that he has been denied equal protection of the laws and due process under the
United States Constitution and the Texas Constitution.  See U.S. Const. amend. XIV; Tex. Const. art. I, ' 3, ' 19.  Rasbach also
contends he presented proof that he is free of any mental disability in a Alegal@ sense and has
capacity to maintain his suit.  We disagree.

First, although Rasbach asserts that we should send his
proposed certified questions to the Texas Supreme Court, he provides no
statutory or other authority that would enable us to do so upon such a
request.  Moreover, Rasbach merely asserts in a conclusory fashion that the Aconstitutional
reasons@ underlying his
request are that he has been denied equal protection and due process.  Rasbach
offers no substantive argument, analysis, or citation to relevant authoritiesCother than the
constitutional provisions citedCto explain why this is so.  Appellate
briefs must Acontain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.@  Tex. R. App. P. 38.1(h).  Failure to
either cite authority or advance substantive analysis waives the issue on
appeal.  Sunnyside Feedyard, L.C. v. Metro. Life Ins. Co., 106 S.W.3d
169, 173 (Tex. App.CAmarillo 2003, no pet.); Tacon Mech.
Contractors, Inc. v. Grant Sheet Metal, Inc., 889 S.W.2d 666, 671 (Tex.
App.CHouston [14th
Dist.] 1994, writ denied).  Therefore, we overrule Rasbach=s request that we
forward his proposed certified questions to the Texas Supreme Court.








Second, Rasbach=s contention that
he has standing because he has demonstrated he has capacity and is free of mental
disability is unsupported in the record.  More significantly, however, Rasbach=s own pleadings
include an affirmative statement that he does in fact suffer from chronic
mental disorders, which are (at least in part) the basis for the relief he
seeks.[3]

Standing to file suit for child support for an adult
disabled child may be filed by a parent of the child or another person having
physical custody or guardianship of the child under a court order.  See Tex. Fam. Code ' 154.303(a)(1). 
An adult disabled child also may file suit for support, but the child must (1)
be 18 years of age or older, (2) not have a mental disability, and (3) be
capable of managing his financial affairs as determined by the court.  See
id. ' 154.303(a)(2)(A)B(C).  AMental disability@ is not defined in
the Family Code.  








Appellees argued below that Rasbach has a mental
disability, and therefore did not satisfy the statutory requirements for
standing to maintain his own suit.  On appeal, Rasbach points to an AAffidavit of
Capacity Assessment@ by Floyd L. Jennings, J.D., Ph.D., which
he contends demonstrates that he is Afree from any such
legal >mental disability.=@  However, in the
affidavit, Jennings merely concludes, after observing Rasbach for approximately
one hour in December of 2003, that Rasbach had sufficient capacity to appoint
Bill E. Davis as his attorney-in-fact.  Nowhere in the affidavit does Jennings
opine that Rasbach does not suffer from mental illness or mental disability. 
Additionally, Rasbach pleaded in his last live petition that he suffers from
chronic mental disorders, including degrees of obsessive compulsive disorders
and schizophrenia, and that these disorders (along with unspecified health
disorders) are the basis of his claim for support.  Even in his appellate
brief, Rasbach admits he suffers from these chronic mental disorders.[4] 
Thus, construing the pleadings in Rasbach=s favor and
reviewing the relevant evidence, we agree with the trial court=s determination
that Rasbach lacked standing to maintain his suit.

We overrule Rasbach=s first issue.

A Legal Limbo?

In Rasbach=s second issue, he contends he Ahas been otherwise
unable to continue with any legal proceedings under his existing circumstances
and in his present situation.@  We understand Rasbach to be arguing that
the lack of an appropriate definition of Amental disability@ in the Family
Code has stymied his attempt to pursue his claims himself and has left him in a
kind of legal limbo.  Rasbach appears to contend that a Alegal@ definition of Amental disability,@ as distinguished
from Athe medical or
other non-legal definition,@ is needed to enable a court to determine
whether he is able to maintain his own lawsuit.[5]
Rasbach also asserts, in a conclusory fashion, that denying him standing denies
his access to the judicial system and is a violation of his state and federal
rights to due process and equal protection of the laws. 

Rasbach=s argument is devoid of any substantive
argument or analysis, and, other than the constitutional provisions cited,
fails to cite any authority in support.  Therefore, as in his first issue,
Rasbach has failed to present anything for review.  See Tex. R. App. P. 38.1(h); Sunnyside
Feedyard, 106 S.W.3d at 173; Tacon Mech. Contractors, 889 S.W.2d at
671.








Even assuming Rasbach=s argument was
preserved, we disagree that he is denied judicial access to obtain the child
support he seeks.  Rasbach=s stated claim for support rests, at least
in part, on his alleged mental disability that renders him Aunable to
adequately care for himself by earning a living by reason of said infirmity.@  Under the Family
Code, an adult disabled child with a mental disability may not maintain a suit
for support himself.  See Tex.
Fam. Code ' 154.303(a)(2)(B).  However, the Family
Code also provides that an adult disabled child with a mental disability has
standing to sue through a parent or another person having physical custody or
guardianship under a court order.  See id. ' 154.303(a)(1). 
Thus, if the trial court finds that a petitioner is a mentally disabled
individual, judicial access is granted through his legal representative,
thereby safeguarding his rights to due process and equal protection under the
law.  

In this case, admittedly it is unlikely that Rasbach=s mother, Jane
Phillips, would pursue the suit on Rasbach=s behalf, as it is
Rasbach=s position that
Phillips, by her actions before and after his birth, is the primary cause of
his physical and financial condition.  However, Rasbach makes no claim that a
guardian or other recognized legal representative cannot maintain a suit on his
behalf.  Thus, Rasbach has an alternate avenue to pursue his claims, and his
constitutional rights may be vindicated through his legal representative. 

We overrule Rasbach=s second issue and
affirm the trial court=s judgment.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment rendered
and Memorandum Opinion filed August 24, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.









[1]  The original petition identified Rasbach=s chronic mental disorders as Aincluding degrees of obsessive compulsive disorders,
autism, and schizophrenia.@  Rasbach=s later pleadings as Aintervenor@ deleted the reference to autism and added unspecified
Ahealth disorders.@





[2]  Although the statutory language at issue is contained in Family Code
section 154.303(a)(2)(B), the parties and the court incorrectly cite the
subsection as A154.303(1)(B)@ throughout the proceedings. 





[3]  Because standing is a component of subject matter jurisdiction, the
standard of review for an order of dismissal for lack of standing is the same
as that for an order of dismissal for lack of subject matter jurisdiction.  Tex.
Ass=n of Bus., 852 S.W.2d at 446. 
Subject matter jurisdiction raises a question of law, which we review de novo. 
See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  We
look to the pleadings and any evidence relevant to the jurisdictional issue.  See
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).  We
construe the plaintiff=s pleadings in the plaintiff=s favor and look to the plaintiff's
intent.  See Tex. Ass=n of Bus., 852 S.W.2d at 446. 





[4]  Although in his reply brief Rasbach asserts that he lives by himself in
an apartment with some assistance, he does not point to any record evidence to
support his statements.  





[5]  In his appellate briefing, Rasbach does not offer a proposed
definition, but merely asserts this is why the second of his proposed certified
questions must be answered.