IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00204-CV

 

Crosstex North Texas Gathering, L.P.,

                                                                                    Appellant

 v.

 

Fort Worth & Western Railroad and 

Cen-Tex Rural Rail Transportation District,

                                                                                    Appellees

 

 



From the County Court at Law No.
2

Johnson County, Texas

Trial Court No. E200700084

 



MEMORANDUM  Opinion










 

            Crosstex North Texas Gathering, L.P.
appeals the trial court’s dismissal of Crosstex’s condemnation proceeding after
granting Fort Worth & Western Railroad Company’s and Cen-Tex Rural Rail
Transportation District’s plea to the jurisdiction.  We reverse and remand.

            Crosstex sought to place a natural gas
pipeline under a railroad right-of-way of tracks owned by Cen-Tex and operated
by FW&W.  When the parties could not agree to the purchase of a permanent easement,
Crosstex filed a petition in condemnation seeking to condemn a 20-foot
permanent easement for the installation of a 24-inch natural gas pipeline. 
Special commissioners were appointed and a hearing was held.

            FW&W and Cen-Tex did not appear at
the hearing.  Instead, they filed with the trial court a single document
combining a special appearance, plea to the jurisdiction, and objections to the
condemnation proceeding.  FW&W made two central arguments as to why their
plea should be granted:  Crosstex failed to exhaust the administrative process
for seeking a crossing; and Crosstex did not have condemnation authority over
FW&W and Cen-Tex.  Within the authority argument, FW&W claimed that
Crosstex could not condemn as a “Gas Corporation” or as a “Gas Utility,” and
that Crosstex’s authority to condemn did not arise from article 6550c of the
Texas Revised Civil Statutes and was preempted by federal law.  

            The trial court granted the entire
“motion” on only one ground raised by FW&W and Cen-Tex in their plea to the
jurisdiction:  that there was no statutory authority for Crosstex to condemn
the real property of Cen-Tex.  The trial court then specifically held, “the
Court need not and does not reach the additional jurisdictional issue of
complete federal preemption asserted by FWWR or any other arguments advanced in
the pleadings of Defendants.”  

            A plea to the jurisdiction challenges
the trial court’s subject matter jurisdiction.  See Tex. Dep't
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225-226 (Tex. 2004).  Appellate courts reviewing a challenge to a trial court's subject matter
jurisdiction review the trial court's ruling de novo.  Id. at 228; Johnson
v. Johnson County, 251 S.W.3d 107, 109 (Tex. App.—Waco 2008, pet. denied).

            Recently, the Fort Worth Court of
Appeals decided the “no authority” issue raised by FW&W and Cen-Tex
contrary to the trial court’s ruling.  See Fort Worth & Western
R.R. Co. v. Enbridge, Nos. 02-07-403-CV, 02-07-405-CV, 02-07-406-CV, 2009 Tex. App. LEXIS 7761 (Tex. App.—Fort Worth Oct. 1, 2009, no pet. h.).  We have studied the opinion and agree with the analysis and
decision made by the Fort Worth Court.[1]  

            Accordingly, pursuant to the same
analysis as used by the Fort Worth Court, we hold that the trial court erred in
granting the combined special appearance, plea to the jurisdiction, and
objections of FW&W and Cen-Tex and in dismissing Crosstex’s condemnation
proceeding with prejudice.  

            The trial court’s order of dismissal
is, therefore, reversed and this appeal is remanded for further proceedings.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Reversed
and remanded 

Opinion
delivered and filed November 10, 2009

[CV06]









[1] We
note that the opinion also disposes of many, if not all, of the other arguments
raised by FW&W and Cen-Tex.








160;At another time Appellant stated that Albert Garner injured the baby during an argument
between herself and Garner. He was attempting to hit Appellant but hit Alexandra who was in her
arms. Considering the severity of the injuries, the age of the child (3 months), the fact that
Appellant changed her stories as to what actually occurred to the child, the Department removed
the child from her mother.
      The Department developed service plans for the mother, including parent education, anger
control and a psychological evaluation with Dr. James Shinder. Appellant attended only 14 out
of 50 parenting group and anger control sessions. She never appeared for the psychological
evaluation. Dr. Shinder testified that he could not recommend that Appellant have her child
returned to her.
      The Department filed the petition for termination on March 3, 1995. Trial began April 24,
1995, wherein the jury's verdict was that termination was in the best interest of Alexandra. Upon
the verdict the trial court entered its judgment.
      However, prior to the jury trial the trial court conducted four separate evidentiary review
hearings under Chapter 18 of the Texas Family Code, to-wit, on October 21, 1993; December 29,
1993; June 10, 1994; and December 16, 1994. Appellant's counsel actively participated in all four
of these review hearings. Counsel was fully able through the course of these hearings to develop
the case for trial. Moreover, Appellant's counsel was entitled to engage in written discovery at
any time after his appointment on September 27, 1993; however, Appellant's counsel chose not
to undertake this action. Moreover, in December 1993, the trial court ordered the Department to
provide the court with a complete copy of its file so that the court could extricate anything
prejudicial to a criminal prosecution, and the remainder was made available to Appellant's
counsel.
      The granting or denial of the motion for continuance is within the trial court's sound
discretion. State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984); Hernandez v. Heldenfels, 374 S.W.2d
196, 202 (Tex. 1963). The trial court's action will not be disturbed unless the record shows a
clear abuse of discretion. Generally, when movants fail to comply with Rule 251's requirement
that the motion for continuance be "supported by affidavit," there is a presumption that the trial
court did not abuse its discretion in denying the motion. Villegas v. Carter, 711 S.W.2d 624, 626
(Tex. 1986).
      In the case at bar, Appellant's counsel had ample time to get his case ready for trial. 
Appellant's first point of error is overruled.
      Appellant's second point of error contends that trial court erred in holding the hearing for the
involuntary termination petition prior to 180 days after the date on which the petition was filed
because (Appellant says) the premature hearing violated public interest as declared by state statute,
Texas Family Code, Title 2, Subtitle A., Chapter 15, Section 15.024(a)(1) [now Section 161.003].
      Appellant's parental rights were not terminated pursuant to Section 15.024 of the Texas
Family Code (now Section 161.003). This termination proceeding was brought and tried under
Section 15.02(D)(E)(F) which is now Section 161.001 of the Texas Family Code. Both Sections
161.001 and 161.003 authorize causes of action for involuntary termination of the parent-child
relationship; however, 161.003 provides that "a hearing on the termination may not be held earlier
than 180 days after the date on which the suit was filed." To the contrary, Section 161.001, the
statute under which this cause was brought and tried, contains no such provision. Appellant's
second point of error is overruled.
      Appellant's third point of error contends that Respondent-Appellant was denied her lawful
right to meaningful services normally provided to mentally deficient or emotionally ill parents by
virtue of the State's wrongful denial of her mental deficiency and the trial court's refusal to
consider the inadequacies of the State's permanency plan criteria.
      Appellant's third point of error may be summarized as an attempt to attack the Department
for failures of the Department in the formulation and management of the permanency plan of the
Department concerning the child. However, in making such criticism, Appellant does not ask the
court for any specific relief nor present the court with any course of action which Appellant
believes the trial court should have undertaken. Neither does Appellant cite the trial court or this
court with any controlling authority to support Appellant's contentions.
      A party wishing to complain of some action on the part of the trial court must preserve its
error by securing a trial court ruling on such specific complaint. Tex. R. App. P. 52(a).
      Moreover, Rule 74(f), Texas Rules of Appellate Procedure, requires that a party include a
discussion of the facts and the authorities relied upon to support the issues raised on appeal. 
Failure to cite any authority in support of a point of error constitutes a waiver of the point. DFW
Commercial Roofing Co., Inc. v. Mehra, 854 S.W.2d 182 (Tex. App.—Dallas 1993, no pet.), and
the cases cited at page 189 under paragraph 14.
      Where Appellant's points of error are not supported by authorities, citation to the record, and
contain mere conclusionary argument, these points are waived. Tacon Mechanical Contractors
v. Grant Sheet Metal Inc., 889 S.W.2d 666 (Tex. App.—Houston [14th Dist.] 1994, writ denied;
Tex. R. App. P. 74(f). An appellate court has no duty to search a voluminous record without
guidance from Appellant to determine whether an assertion of reversible error is valid. Anheuser-Busch v. Summit Coffee Co., 858 S.W.2d 928, 942 (Tex. App.—Dallas 1993, writ denied). We
hold that Appellant has waived the third and final point of error.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed October 2, 1996
Do not publish