In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00304-CV**
_____

**IN RE COMMITMENT OF ARMANDO CAMARILLO**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-11-11778 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition seeking the involuntary civil commitment of Armando Camarillo as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012) (SVP statute). A jury found that Camarillo is a sexually violent predator, and the trial court rendered a final judgment and an order of civil commitment. Camarillo has appealed the final judgment. Camarillo's appeal challenges three of the trial court's rulings. Camarillo claims that one of the trial court's rulings during opening statement prevented his attorney from explaining the meaning of the term "reasonable

1

doubt." Another of the rulings Camarillo challenges concerns the trial court's decision to allow the State to read Camarillo's responses to requests for admission into evidence. Camarillo's other evidentiary complaint challenges whether the State should have been allowed to introduce evidence that informed the jury about the details of Camarillo's prior sexual offenses. Because the rulings that Camarillo has challenged either were proper or have not been shown to have caused the jury to reach an improper verdict, we affirm the trial court's judgment.

## The Statute

Under the SVP statute the State must prove beyond a reasonable doubt that the person it seeks to commit for treatment is a sexually violent predator. *Id.* § 841.062 (West 2010). As defined by the Legislature, a sexually violent predator is a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a) (West 2010). Under the statute, a "'[b]ehavioral abnormality'" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2012). "A condition which affects either emotional capacity or volitional capacity to the extent a person is

2

predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

## Opening Statement

In issue one, Camarillo complains that the trial court committed reversible error by preventing his attorney, during opening statement, from explaining the term "reasonable doubt." Rule 265 of the Texas Rules of Civil Procedure governs opening statements. With respect to a party such as Camarillo who does not bear the burden of proof at trial, Rule 265 allows that party to "briefly state the nature of his claim or defense and what said party expects to prove and the relief sought." Tex. R. Civ. P. 265(a).

Generally, trial courts have broad discretion in deciding to reasonably limit opening statement. *Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162, 170 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.). A trial court's decision to limit opening statement is reviewed under an abuse of discretion standard. *See Guerrero v. Smith*, 864 S.W.2d 797, 800 (Tex. App.—Houston [14th Dist.] 1993, no writ). "Any abuse of discretion by the trial court is reversible error if it was calculated to cause and probably did cause the rendition of an improper judgment." *Tacon*

*Mech. Contractors, Inc., v. Grant Sheet Metal, Inc.*, 889 S.W.2d 666, 675 Tex. App.—Houston [14th Dist.] 1993, writ denied) (citing *S. Pac. Transp. Co. v. Peralez*, 546 S.W.2d 88, 97 (Tex. Civ. App.—Corpus Christi 1976, writ ref'd n.r.e.); *see* Tex. R. App. P. 44.1(a)(1).

The record shows that during Camarillo's opening statement, when his attorney attempted to provide the jury with an analogy explaining his understanding of the term "beyond a reasonable doubt," the State's attorney objected, stating: "This is getting into argument at this point instead of just previewing the evidence." The trial court instructed Camarillo's attorney that "[y]ou're supposed to tell them what the evidence is going to show. Not what beyond a reasonable doubt is. You can save that for closing argument. Okay?" Camarillo's attorney did not object to the ruling; instead, Camarillo's attorney responded: "Yes, [y]our Honor." When asked by the trial court if he had anything more, Camarillo's attorney responded: "No, [y]our Honor."

Nevertheless, while Camarillo's attorney did not explain his understanding of the meaning of "beyond reasonable doubt" in his opening statement, during closing argument, Camarillo's attorney did tell the jury what he believed the term "beyond reasonable doubt" meant. Even if the trial court improperly restricted opening statement, a matter we need not decide, we are not persuaded that the

4

alleged error was calculated to and caused the jury to reach an improper verdict where the record shows that the jury received defense counsel's interpretation of the term before the trial ended. *See Tacon*, 889 S.W.2d at 675. We overrule issue one.

Requests for Admission

In issue two, Camarillo complains the trial court allowed the State to read his responses to the State's requests for admission into evidence. *See generally* Tex. R. Civ. P. 192.1(e) (listing permissible forms of discovery which include requests for admission). According to Camarillo, the State used his responses to the requested admissions in a way that diminished the State's burden of proving that he is a sexually violent predator.

Unless otherwise provided by the SVP statute, an SVP commitment proceeding is subject to the Texas Rules of Civil Procedure. *See* Tex. Health & Safety Code Ann. § 841.146(b) (West 2010). The applicable rule provides that a matter admitted in response to Rule 198 requests "is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." Tex. R. Civ. P. 198.3. There is no conflict between the SVP statute and Rule 198. *See In re Commitment of Malone*, 336 S.W.3d 860, 862 (Tex. App.—Beaumont 2011, pet. denied). We have previously held that a party's

responses to admissions may be used appropriately in SVP cases. *See id.*; *see also* Tex. Health & Safety Code Ann. § 841.146(b). In other words, if relevant to the disputed issues, a trial court may allow a party's responses to the opposing party's requests for admission to be used as evidence in SVP cases.

Camarillo argues that by using his responses to the admissions, the State lowered its burden of proof. We disagree that reading his responses into evidence lowered the State's burden of proof. During voir dire, the State explained that it bore the burden of proof on its claims. In closing argument, the State argued that it had proven its case "beyond a reasonable doubt." The jury charge places the burden of proof on the State, and the jury question addressing whether Camarillo has a behavioral abnormality includes the "beyond reasonable doubt" standard.

While Camarillo's responses to the requests for admission were used as evidence, his responses were not used to lower the State's burden of proving its case beyond reasonable doubt. *See In re Commitment of Delacruz*, No. 09-11-00554-CV, 2012 Tex. App. LEXIS 649, at **6-7 (Tex. App.—Beaumont Jan. 26, 2012, pet. denied) (mem. op.). We overrule issue two.

## Details of Prior Criminal Offenses

In issue three, Camarillo complains that the trial court improperly admitted details about his prior sexual offenses and that the prejudicial value of this

6

evidence substantially outweighed its probative value. Camarillo points to testimony by the State's experts relating details about his prior sexual offenses. Camarillo also complains that the State's attorney again emphasized these same details during closing argument. According to Camarillo, repeating the details of matters that concerned his prior offenses resulted in the jury's rendering an improper verdict.

We review a trial court's decision concerning the admissibility of evidence for an abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or if it acts arbitrarily and unreasonably. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We will reverse a judgment if an error by the trial court probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case on appeal. *See* Tex. R. App. P. 44.1(a).

Camarillo complains that the trial court improperly allowed the State's forensic psychologist, Dr. Stephen Thorne, and the State's psychiatrist, Dr. David Self, to relate the details of Camarillo's prior offenses by conveying information found within records they reviewed to form their opinions. Camarillo argues that

7

these details were inadmissible as hearsay, and that it was unfairly prejudicial to admit the information in the records about his prior sexual offenses. *See* Tex. R. Evid. 705(d) (addressing the admission of underlying facts or data reviewed by expert witnesses). When Camarillo objected to the disclosure of the details concerning his prior sexual offenses through the testimony of the State's experts, his objections were overruled. However, before each expert discussed the information that had been reviewed in preparing an expert opinion, the trial court gave the jury a limiting instruction, explaining that "[s]uch evidence is admitted only for the purpose of showing the basis of the expert's opinion." *See id.*

Trial courts have discretion to admit the underlying facts or data on which an expert has based an opinion. *See* Tex. R. Evid. 705(a); *Boswell v. Brazos Elec. Power Coop., Inc.*, 910 S.W.2d 593, 602 (Tex. App.—Fort Worth 1995, writ denied). Rule 705(d) provides:

> When the underlying facts or data would be inadmissible in evidence, the court shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial. If otherwise inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request.

Tex. R. Evid. 705(d). In Camarillo's case, the trial court could have reasonably concluded that the evidence at issue would be helpful to the jury to explain how the

8

State's experts had formed their respective opinions regarding Camarillo's behavioral abnormality. Each expert explained the facts that had been considered in forming an opinion, and each explained how the information from Camarillo's records about his prior sexual offenses had influenced that determination. Given the purpose for admitting the evidence at issue—as explanation or support for the expert's opinion—and the trial court's instruction about how the jury could use such evidence, the trial court's conclusion that the information would not be unfairly prejudicial was reasonable. *See In re Commitment of Ford*, No. 09-11-00425-CV, 2012 Tex. App. LEXIS 2221, at \*\*4-5 (Tex. App.—Beaumont Mar. 22, 2012, no pet.) (mem. op.); *In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied). We conclude that the admission of the evidence at issue was not an abuse of discretion, and that it did not cause the jury to reach an improper verdict. *See* Tex. R. App. P. 44.1(a)(1). We overrule issue three.

Having overruled all of Camarillo's issues, we affirm the trial court's judgment.

AFFIRMED.

9

_____
HOLLIS HORTON
Justice


Submitted on March 1, 2013
Opinion Delivered June 13, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.